■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEAVONE E. MING, Appellant. [825 NYS2d 825]—

Cardona, P.J. Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered March 8, 2005, convicting defendant upon his plea of guilty of the crime of attempted criminal possession of a controlled substance in the third degree.

On January 22, 2004, based upon information provided by a confidential informant, Binghamton Police Investigator David Petryszyn applied for a warrant to conduct a search for cocaine and any other items related to the possession and sale of cocaine contained in a 1994 red Lincoln with New York license plate number CPS-9748. The application sought to authorize a search of the vehicle as well as "anyone present in said vehicle." That same day, the warrant was issued by Binghamton City Court and later executed when members of the Binghamton Police Department located and stopped the vehicle, being driven by defendant. Defendant was patted down and informed that they wanted to conduct a background check. They asked defendant for identification, whereupon he presented an out-of-state driver's license. According to defendant, the police "ran" the information but, after it did not "show up," they escorted him to the police station for fingerprinting. He was also strip-searched at the station, during which nine packets of cocaine were discovered in his underwear.

Thereafter, defendant was charged with criminal possession of a controlled substance in the third degree with intent to sell and criminal possession of a controlled substance in the fourth degree. Defendant pleaded not guilty to both counts and subsequently moved to, among other things, suppress the drugs recovered from his possession. County Court denied that motion and, thereafter, defendant pleaded guilty to a negotiated count of attempted criminal possession of a controlled substance in the third degree with a proposed sentence of 4 to 8 years as a second felony offender. Defendant was warned, among other

things, that any subsequent arrests prior to sentencing would result in an enhanced sentence. A month later, defendant was arrested for a different crime and, at sentencing, a negotiated prison term of seven years, with five years of postrelease supervision, was imposed.*

Initially, defendant argues that his suppression motion should have been granted because County Court's determination that probable cause existed to support the issuance of the January 2004 search warrant was based upon stale information. Notably, defendant failed to preserve that issue for appellate review by raising it in his suppression motion (*see People v Ovitt*, 283 AD2d 832, 835 [2001], *lv denied* 96 NY2d 905 [2001]). In any event, were this issue properly before us, we would find it without merit. Here, the application submitted to Binghamton City Court stated that a confidential informant claimed to have purchased cocaine from men driving the vehicle identified in the search warrant, "[w]ithin the past two weeks." The warrant's supporting affidavit further indicated that the informant had been deemed reliable by the police, having previously been instrumental in the effectuation of numerous arrests and drug seizures. Additionally, the informant's sworn affidavit was available for in camera review. We further note that less than one day elapsed between the informant's disclosure of the information to the police and the application for the warrant, which was issued and executed that same day.

Significantly, a decision that probable cause exists is based upon an examination of substantive facts surrounding the crime in question and is " 'not determined simply by counting the number of days between the occurrence of the events relied upon and the warrant's issuance' " (*People v Church*, 31 AD3d 892, 894 [2006], *lv denied* 7 NY3d 866 [2006], quoting *People v Teribury*, 91 AD2d 815, 816 [1982]). While there is no question that it is necessary for the facts comprising the alleged criminal conduct to be relatively current with the application for the search warrant to ensure probable cause exists at the time the warrant is actually issued (*see People v Rodriguez*, 303 AD2d 783, 784 [2003]; *People v Clarke*, 173 AD2d 550, 550 [1991]), here, given the reliability of the confidential informant, professional expertise of Petryszyn and the nature of the crime, we find no basis to conclude that probable cause was not present.

---

* According to the People, in a separate CPL article 440 motion, defendant successfully challenged the legality of County Court's imposition of a determinate sentence with respect to a crime committed prior to the effective date of the Drug Law Reform Act of 2004 (*see* L 2004, ch 738; *see generally People v Walker*, 26 AD3d 676 [2006]). We note that this motion is not presently before us on the subject appeal.

Next, defendant contends that the cocaine found upon his person in the course of the strip search should have been suppressed because the search exceeded the scope of the search warrant and, therefore, violated his constitutional rights against unreasonable searches and seizures. Specifically, he claims that the warrant was overly broad because it allowed a search of anyone present in the described vehicle without specifically identifying or naming him as one of the suspected drug dealers. We are unpersuaded. Notably, search warrants that direct a search of a particular place or vehicle, "may also direct a search of any person present thereat or therein" (CPL 690.15 [2]; *see People v Vanderpool*, 217 AD2d 716, 718 [1995], *lv denied* 86 NY2d 847 [1995]), as long as the search warrant application establishes probable cause for the search (*see People v Nieves*, 36 NY2d 396, 401 [1975]).

Here, the application for the search warrant clearly established probable cause inasmuch as it demonstrated that, among other things, the specific 1994 red Lincoln vehicle was being used in the possession or sale of cocaine and, therefore, it was permissible for the issuing judge to "infer that anyone present was involved in the ongoing illegal activity" (*People v Neish*, 232 AD2d 744, 746 [1996], *lv denied* 89 NY2d 927 [1996]; *see People v Williams*, 284 AD2d 564, 565 [2001], *lv denied* 96 NY2d 909 [2001]). Accordingly, we find no basis to conclude that the suppression motion was improperly denied.

Turning to defendant's claim in his supplemental pro se brief maintaining that he was denied the effective assistance of counsel, we find that, upon viewing the record before us as a whole, defendant received meaningful representation (*see People v Keebler*, 15 AD3d 724, 727 [2005], *lv denied* 4 NY3d 854 [2005]). The record indicates that counsel made appropriate pretrial motions and negotiated a favorable plea bargain for his client (*see People v Booth [I]*, 23 AD3d 766, 767 [2005], *lvs denied* 6 NY3d 846, 849 [2006]). Contrary to defendant's argument, we do not find the apparently general confusion over the effective date of the Drug Law Reform Act of 2004, standing alone, to be dispositive on the issue of effective representation.

The remaining contentions raised by defendant and not specifically addressed herein have been examined and found to be lacking in merit.

Mercure, Spain, Carpinello and Mugglin, JJ., concur. Ordered that the judgment is affirmed.