■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK A. STEARNS, Appellant. [833 NYS2d 724]—

Crew III, J. Appeal from a judgment of the County Court of Fulton County (Giardino, J.), rendered August 11, 2005, upon a

verdict convicting defendant of the crimes of unlawful surveillance in the second degree and endangering the welfare of an incompetent or physically disabled person.

Defendant was employed as a caretaker for the disabled. Following allegations that defendant took pictures of an unclothed mentally disabled person, he was indicted and charged with unlawful surveillance in the second degree in violation of Penal Law § 250.45 (1), as well as endangering the welfare of the victim in violation of Penal Law § 260.25. Following a jury trial, defendant was convicted as charged and sentenced to, inter alia, 1⅓ to 4 years in prison. Defendant now appeals.

Initially, defendant contends that the trial evidence was legally insufficient to support his conviction and that the verdict was against the weight of the evidence. Specifically, defendant argues that the crime charged in count one of the indictment, also known as "Stephanie's Law" (*see People v Evans*, 27 AD3d 905, 906 [2006], *lv denied* 6 NY3d 847 [2006]), was not effective until August 2003 (*see* Penal Law § 250.45 [1], as added by L 2003, ch 69, § 3), and that the People failed to prove beyond a reasonable doubt that he took the pictures after the effective date of the statute. As to count two of the indictment, defendant contends that the People failed to prove that the photographs were taken within the applicable two-year statute of limitations (*see* Penal Law § 260.25; CPL 30.10 [2] [c]). We disagree.

We need note only that expert witnesses testified on behalf of the People and defendant concerning the date the photographs were taken and, assuming the jury credited the People's expert, there clearly is a valid line of reasoning that could lead a rational person to the conclusion reached by the jury (*see People v Bleakley*, 69 NY2d 490, 495 [1987]). Likewise, giving deference to the jury's credibility determinations regarding the experts' conflicting testimony, we find no basis to conclude that the jury failed to give the trial evidence the weight it should have been accorded (*see id.*).

Assuming, without deciding, that County Court erred in permitting evidence of certain prior bad acts committed by defendant, such error clearly was harmless given the overwhelming proof of defendant's guilt (*see e.g. People v Herring*, 227 AD2d 658, 660-661 [1996], *lv denied* 88 NY2d 986 [1996]). Finally, we find no merit to defendant's assertion that his sentence is harsh and excessive.

Cardona, P.J., Mercure, Peters and Carpinello, JJ., concur. Ordered that the judgment is affirmed.