■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SADDIQ ABDUR-RASHID, Appellant. [883 NYS2d 644]—

Stein, J. Appeal from a judgment of the County Court of Columbia County (Czajka, J.), rendered April 9, 2008, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the first degree.

---

State Trooper Douglas Colwell and his canine partner A.J. were on patrol on the Taconic State Parkway when Colwell noticed defendant's vehicle approaching. The vehicle had no front license plate and appeared to have branches attached to it, among other irregularities. Colwell pulled the car over and ran a license plate check which revealed that the car was registered to defendant but that the registration was suspended due to a lapse in insurance coverage. Upon being told by Colwell of the insurance lapse, defendant informed Colwell that he had been pulled over by another trooper earlier in the day, who had confirmed defendant's statement that the insurance was in full force and effect. As evidence of this, defendant showed Colwell a citation he had received from State Trooper Scott Conlee for an uninspected motor vehicle (but not for lack of insurance [*see* Vehicle and Traffic Law § 319] or driving with a suspended registration [*see* Vehicle and Traffic Law § 401]). After Colwell unsuccessfully attempted to reach Conlee in order to confirm this information, he asked defendant to exit the vehicle. According to Colwell, defendant seemed nervous during the course of their conversation and repeatedly looked at A.J., who was in Colwell's vehicle. Colwell further testified that defendant's passenger, Ekwambu Gayle, told Colwell that defendant had been en route from Washington, D.C. and had asked Gayle to accompany him from Brooklyn to the City of Schenectady, Schenectady County in order to keep him awake. According to Gayle, defendant's plan was to return Gayle to his home in Brooklyn and then drive back to Schenectady.

When Colwell let A.J. out of his trooper car, A.J. immediately "alerted" to the presence of narcotics and led Colwell to the trunk area of the vehicle. When the trunk was opened, A.J. alerted Colwell to a black plastic bag in the trunk which contained two bags of cocaine. Defendant and Gayle were placed under arrest and subsequently charged by indictment with a single count of criminal possession of a controlled substance in the first degree. After conducting a suppression hearing, County Court found Colwell's search to be lawful. Thereafter, defendant pleaded guilty to one count of criminal possession of a controlled substance in the first degree. Defendant now appeals and we affirm.

Initially, we disagree with County Court's determination that there was a valid inventory search of defendant's vehicle. " 'To be valid, an inventory search must be both reasonable and conducted pursuant to established police agency procedures that are designed to meet the legitimate objectives of the search while limiting the discretion of the officer in the field' " (*People*

v Peters, 49 AD3d 957, 958 [2008], lv denied 10 NY3d 938 [2008], quoting People v Briggs, 21 AD3d 1218, 1219 [2005], lv denied 5 NY3d 851 [2005]). Here, although Colwell testified that protocols for conducting inventory searches existed, the People presented no evidence of the substance of such protocols or establishing that Colwell followed them. Thus, the People failed to meet their burden of demonstrating a valid inventory search (see People v Johnson, 1 NY3d 252, 256 [2003]).

Nonetheless, the record supports County Court's determination denying suppression. Because Colwell had a reasonable basis to suspect that criminal activity was underway, he was permitted to conduct a canine sniff of the exterior of the vehicle (see People v Devone, 57 AD3d 1240, 1242-1243 [2008], lv granted 12 NY3d 852 [2009]). Specifically, the condition of the car, the suspended registration and other infractions, defendant's nervous demeanor and Gayle's account of defendant's travel plans and the reason for his presence in the vehicle were—in the aggregate—sufficient to give Colwell a founded suspicion that criminality was afoot. We further note that "[a] canine sniff of the exterior of a car during a lawful traffic stop that does not unnecessarily prolong the encounter[, as was the case here,] is not a violation of the 4th Amendment to the US Constitution" (id. at 1241).

Colwell also testified that when A.J. was first taken out of the police vehicle and was still five feet away from defendant's car, he began to alert by pulling on his lead. Once A.J.—whose training and reliability was established at the hearing—got closer to the vehicle, he alerted to the presence of narcotics in the trunk, giving Colwell probable cause to enter and search the trunk (see id.; People v Gathogo, 276 AD2d 925, 927 [2000], lv denied 96 NY2d 734 [2001]), wherein Colwell found the black bag containing cocaine. Thus, County Court properly denied defendant's motion to suppress the narcotics.

Defendant's remaining contentions with regard to the permissibility of the inventory search are rendered academic by the foregoing determination. We have reviewed all other contentions raised by defendant and find them to be without merit.

Peters, J.P., Rose, Lahtinen and McCarthy, JJ., concur. Ordered that the judgment is affirmed.