*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  July 24, 2014                    105674
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                    Respondent,

        v                                MEMORANDUM AND ORDER

HENRY LEONARD,
                    Appellant.
_____

Calendar Date:  May 27, 2014

Before:  Lahtinen, J.P., McCarthy, Garry, Lynch and Clark, JJ.

_____

        Martin J. McGuinness, Queensbury, for appellant.

        James A. Murphy III, District Attorney, Ballston Spa (Ann
C. Sullivan of counsel), for respondent.

_____

Clark, J.

        Appeal from a judgment of the County Court of Washington
County (McKeighan, J.), rendered January 4, 2013, convicting
defendant upon his plea of guilty of the crime of criminal
possession of a controlled substance in the third degree (two
counts) and the traffic infraction of speeding.

        On August 2, 2012 at 12:40 a.m., defendant was stopped for
speeding on State Route 4 in the Town of Fort Ann, Washington
County.  Upon checking the validity of defendant's driver's
license, the state trooper effectuating the traffic stop
discovered that there was an active warrant for defendant's
arrest.  Defendant, the sole occupant and registered owner of the
vehicle, was placed into custody and arrangements were made for
his vehicle to be towed.  Prior to towing the vehicle, an

inventory search was conducted and, among other things, a baggie containing a substance later identified as 41 grams of heroin was discovered inside a shoe found in an open, clear plastic bag behind the driver's seat.

Defendant was subsequently charged in an indictment with two counts of criminal possession of a controlled substance in the third degree and speeding. Following the denial of defendant's motion to suppress the heroin, defendant pleaded guilty to the indictment without waiving his right to appeal. He was sentenced to an aggregate prison term of 10 years to be followed by three years of postrelease supervision. Defendant now appeals, challenging County Court's refusal to suppress the heroin. Among other things, defendant argues that the decision to impound his vehicle was not made pursuant to standardized police procedure[1] and that the resulting inventory search was not reasonable.

We reverse. Following a lawful arrest of the driver of a vehicle, "the police may impound the car, and conduct an inventory search, where they act pursuant to 'reasonable police regulations relating to inventory procedures administered in good faith'" (People v Walker, 20 NY3d 122, 125 [2012], quoting Colorado v Bertine, 479 US 367, 374 [1987]). To this end, "courts have insisted that an inventory search be conducted according to a familiar routine procedure and that the procedure meet two standards of reasonableness" (People v Galak, 80 NY2d 715, 719 [1993] [internal citation omitted]; see Colorado v Bertine, 479 US at 371). Specifically, the procedures must be "designed to meet the legitimate objectives of the search while

_____

[1] Although not preserved for our review (see People v Jacquin, 71 NY2d 825, 826-827 [1988]; People v Durrin, 32 AD3d 665, 666 [2006]), were we to address the initial decision to impound defendant's vehicle, we would agree with defendant that the People failed to meet their burden of demonstrating that such decision was based upon the existence of some standardized criteria or routine procedure (see Colorado v Bertine, 479 US 367, 374-375 [1987]; People v O'Connell, 188 AD2d 902, 903 [1992]).

limiting the discretion of the officer in the field" (People v Briggs, 21 AD3d 1218, 1219 [2005], lv denied 5 NY3d 851 [2005]; see Florida v Wells, 495 US 1, 4 [1990]; People v Johnson, 1 NY3d 252, 256 [2003]; People v Galak, 80 NY2d at 719).

Here, the transcript of the November 2012 suppression hearing fails to support a determination that the conduct of the police was reasonable. Although not fatal to their argument against suppression (see People v Gomez, 13 NY3d 6, 11 [2009]), the People failed to offer a copy of the State Police procedure manual into evidence. Additionally, the People also failed to ask any substantive questions of their witnesses so as to otherwise establish (1) that the State Police had a standardized procedure, (2) that such procedure was reasonable, and (3) that it was followed here. In this regard, the testimony of the troopers demonstrates little discussion of their professional experience so as to help illustrate an established departmental procedure, only a vague explanation of their decisions made at the time of the search, and meager proof that such decisions resulted from an established procedure designed to limit their discretion. In fact, Trooper Jason Gutowski's testimony, coupled with the incomplete vehicle impound inventory form he prepared following defendant's arrest, exposed an exercise of his unfettered personal discretion. Specifically, while acknowledging that one of the main purposes for an inventory search is to protect the property of the defendant, Gutowski repeatedly indicated that, if certain items were not included on his inventory list — i.e., money, CDs, a CD changer, a GPS — it was because he did not consider the items to be of any value. Gutowski also explained that he prepared the inventory search form only from his memory after returning to the barracks and that a copy of the form was not provided to defendant. Thus, based upon the record before us, we are unable to determine that the police conduct was sufficiently standardized and designed to produce a meaningful inventory of the contents of defendant's vehicle so as to be reasonable (cf. People v Walker, 22 NY3d at 127).

Furthermore, we respectfully disagree with our dissenting colleague that the decision to impound defendant's vehicle was

the only option available[2] and, further, that a reasonable, standardized procedure for the ensuing inventory search was properly established.  Rather, due to the insufficiency of the proof at the suppression hearing, we lack the information necessary to arrive at such conclusions absent conjecture.  For example, we know that the traffic stop occurred on State Route 4 a little after midnight.  However, we do not know if, perhaps, defendant was stopped in or near the parking lot of a gas station, business or other property where he could have safely left his vehicle without the need for towing.  We also do not know whether an acquaintance of defendant was available and able to take possession of the vehicle, making impoundment unnecessary.  Nor do we know if State Police procedure required that the troopers check into any of these alternatives before making the decision to impound.  Further, the testimony of Gutowski merely establishes his recollection of the contents of the State Police inventory search manual that he had received years earlier, not what the manual actually directs or the obligations imposed by the policies contained therein.  As stated above, absent admission of the manual into evidence or discussion regarding Gutowski's experience and conduct in similar situations, we feel his testimony was insufficient to ensure compliance with constitutional mandates.  While we agree that officers in the field are to be afforded a certain minimal amount of discretion, the lack of proof here makes it impossible to characterize this trooper's discretion as consistent with a reasonable standardized procedure.

Accordingly, we conclude that the People failed to meet their burden and the heroin found in the car should be suppressed.[3]  Defendant's remaining arguments have been rendered

---

[2]  We reiterate that this argument is not preserved for our review.  However, we address it here solely in the context of responding to the dissent.

[3]  Inasmuch as the People have not conceded that those counts are otherwise unsupported by the evidence, we are not dismissing counts 1 and 2 of the indictment (cf. People v Small, 110 AD3d 1138, 1141 [2013]).  However, we note that "[t]he Court

academic by our decision.

Lahtinen, J.P., McCarthy and Garry, JJ., concur.


Lynch, J. (dissenting).

I respectfully dissent.[1]  The two state troopers who testified at the suppression hearing, each with 10 years of experience, explained that it is State Police policy to conduct an inventory search when a vehicle is towed.  Trooper Jason Gutowski, who performed the search, testified that he was issued an inventory search manual during basic training.  He explained that, pursuant to the manual, troopers "are required to perform as thorough a search as possible of the vehicle . . . and its contents," to "search every item thoroughly," "without obviously breaking anything," and to identify items "of value" on an inventory list.  Here, the record shows that Gutowski searched the front and rear seat interior areas, the glove box, console and trunk.  During the search, he located an open plastic bag behind the driver's seat, containing items of clothing and shoes.  Consistent with the policy manual, he examined each individual item for valuables, which he described as "[j]ewelry, money, items such as that."  Gutowski found the baggie containing the heroin inside a sneaker removed from this bag.  On the inventory

_____

of Appeals has made clear that the People are entitled to one full-opportunity to present relevant evidence at a suppression hearing" (People v Weddington, 192 AD2d 750, 751 [1993]; see People v Malinsky, 15 NY2d 86, 95-96 [1965]), and the People have already had that opportunity here.

[1]  Since defendant did not preserve a challenge to the initial decision to impound the vehicle, that issue should not be addressed (see People v Luperon, 85 NY2d 71, 78 [1995]; People v Jacquin, 71 NY2d 825, 826-827 [1988]).  That being said, it is also my view that the decision by the troopers to impound the vehicle was the only option they had and was not unreasonable under either the US or NY Constitution (see US Const 4th Amend; NY Const, art I, §12).

form, he listed "bag of assorted clothes and sneakers, plastic baggie containing approximately 41 grams of off white powder" and a speaker box removed from the trunk. As the majority notes, the People were not obligated to submit a copy of the procedures manual into evidence, and testimony of the inventory search policy "in general terms" may be sufficient (People v Walker, 20 NY3d 122, 124-125 [2012]). In my view, the record establishes that the troopers were guided by a "'single familiar standard'" when they conducted their inventory search (People v Walker, 194 AD2d 92, 94 [1993], quoting Colorado v Bertine, 479 US 367, 375 [1987]).

Defendant maintains that the search was invalid because the troopers were accorded too much discretion in deciding what items were valuable enough to be inventoried. Gutowski acknowledged that the State Police manual does not define what value an item has to have before being listed, leaving that determination to the trooper's discretion. As the majority correctly explains, the inventory procedures "must limit the discretion of the officer in the field" (People v Galak, 80 NY2d 715, 719 [1993]). At the same time, however, officers in the field must also be accorded certain latitude in conducting a search (see id.). The operative point here is that the People met their burden of proving that a reasonable, standardized procedure was utilized in conducting the inventory search. The circumstances called for the towing of defendant's vehicle, and there is no indication that the ensuing search was prompted by a concern of other criminal activity (see People v Briggs, 21 AD3d 1218, 1219 [2005], lv denied 5 NY3d 851 [2005]). The itemized inspection of the open bag was required under the policy and guided by the direction to inventory items of value. Unlike the situation in People v Galak (80 NY2d at 719-722), this policy imposed an obligation on the trooper to prepare a proper inventory. That the task involved a discretionary call in assessing the value of an item does not render the process arbitrary (see United States v Lopez, 547 F3d 364, 370-372 [2d Cir 2008], cert denied 556 US 1114 [2009]). Granted, this was not a model inventory, for Gutkowski conceded that there were "numerous items strewn about" that he did not include in the inventory list because he did not consider the items to have any value. Whether he should have included certain items that may have been in the vehicle on the

inventory list, however, does not undermine what was otherwise a reasonable procedure (see id.).  Given the miscellaneous items of limited value typically found in a vehicle, a separate itemization of each item regardless of value was not necessary (see id.).  As in People v Walker (20 NY3d at 126-127) and Colorado v Bertine (479 US at 369), the inventory here was adequate.


ORDERED that the judgment is reversed, plea vacated, motion to suppress the heroin granted, and matter remitted to the County Court of Washington County for further proceedings not inconsistent with this Court's decision.


ENTER:

Robert D. Mayberger
Clerk of the Court