*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered: June 30, 2016                    106908
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                    MEMORANDUM AND ORDER

NICKLAS N. WILLIAMS,
                        Appellant.
_____


Calendar Date:   June 1, 2016

Before:  Peters, P.J., Garry, Rose, Mulvey and Aarons, JJ.


                    _____


        Linda B. Johnson, East Greenbush, for appellant.

        Palmer Pelella, Special Prosecutor, Binghamton, for
respondent.


                    _____


Peters, P.J.

        Appeal from a judgment of the County Court of Broome County
(Smith, J.), rendered June 26, 2014, convicting defendant upon
his plea of guilty of the crime of criminal possession of a
controlled substance in the third degree (three counts).

        Upon the execution of a search warrant authorizing the
search – including a strip search – of defendant and any vehicle
that he was in or operating, defendant was found in possession of
heroin and crack cocaine.  Based, in part, on the evidence seized
from the search, another search warrant was issued authorizing
the search of defendant's residence that resulted in the seizure
of additional narcotics.  County Court denied defendant's motion
to, among other things, suppress the evidence seized as a result
of the search warrants.  Thereafter, defendant pleaded guilty to

the entire indictment charging him with three counts of criminal possession of a controlled substance in the third degree and County Court sentenced him, as a second felony offender, in accordance with the plea agreement to concurrent prison terms of six years, followed by three years of postrelease supervision. Defendant now appeals, contending that the evidence seized should have been suppressed because the initial search warrant application failed to establish probable cause for the search of defendant or a vehicle, describe with particularity the vehicle to be searched or provide a factual basis to permit a strip search.

We are unpersuaded by defendant's contention that the initial search warrant was not supported by probable cause. A presumption of validity is accorded a search warrant application approved by a magistrate (see People v Rogers, 94 AD3d 1246, 1247 [2012], lv denied 19 NY3d 977 [2012]; People v Church, 31 AD3d 892, 894 [2006], lv denied 7 NY3d 866 [2006]). An application for a search warrant "must provide the magistrate with information sufficient to support a reasonable belief that evidence of illegal activity will be present at the specific time and place of the search" (People v Edwards, 69 NY2d 814, 816 [1987]; see People v Pasco, 134 AD3d 1257, 1258 [2015]). Furthermore, "[t]he proof underlying a warrant application must be of facts so closely related to the time of the issue of the warrant as to justify a finding of probable cause at that time" (People v Rodriguez, 303 AD2d 783, 784 [2003] [internal quotation marks and citations omitted]; see People v Ming, 35 AD3d 962, 964 [2006], lv denied 8 NY3d 883 [2007]).

Here, the information in support of the initial search warrant application included an affidavit from a confidential informant who identified defendant and set forth detailed information about his recent purchases of narcotics from defendant, including one purchase that was a controlled buy. In addition, the supporting affidavit of the police investigator noted the informant's reliability demonstrated by his signed affidavit as well as his prior assistance in numerous other arrests and drug seizures. The police investigator also submitted a supporting affidavit setting forth his knowledge and experience regarding narcotics trafficking and basis for the

search warrant request.  Contrary to defendant's contention, the foregoing information, together with our review of the confidential informant's affidavit, establishes that defendant was engaged in ongoing criminal activity of possessing and selling controlled substances that was in close proximity in time to the application for the search warrant so as to justify a finding that probable cause existed at the time the warrant was issued (see People v Harris, 83 AD3d 1220, 1222 [2011], lv denied 17 NY3d 817 [2011]; People v Ming, 35 AD3d at 964).

Furthermore, we find without merit defendant's contention that the search warrant authorizing the search of "any vehicle [defendant] may be in or operating" was too general to provide a sufficiently particular description of the vehicle to be searched.  Although "[p]articularity is required in order that the executing officer can reasonably ascertain and identify the persons or places authorized to be searched and the things authorized to be seized[,] . . . hypertechnical accuracy and completeness of description" is not required (People v Nieves, 36 NY2d 396, 401 [1975] [internal citations omitted]; see People v Hanlon, 36 NY2d 549, 559 [1975]).  "[R]ather, from the standpoint of common sense, . . . the descriptions in the warrant and its supporting affidavits [must] be sufficiently definite to enable the searcher to identify the persons, places or things that the [m]agistrate has previously determined should be searched or seized" (People v Nieves, 36 NY2d at 401 [internal citations omitted]).  Here, we find that the description of the vehicle was sufficiently particular and readily ascertainable, given that the only vehicle that could be searched was the one that defendant was in or operating, if any, at the time that the search warrant was executed.

Finally, to the extent that defendant contends that there was no basis for the search warrant to authorize a strip search, we are unpersuaded.  "[A] strip search must be founded on a reasonable suspicion that the arrestee is concealing evidence underneath clothing and the search must be conducted in a reasonable manner" (People v Hall, 10 NY3d 303, 310-311 [2008], cert denied 555 US 938 [2008]).  The affidavit of the confidential informant submitted in support of the search warrant application established that, during the times that the

confidential informant purchased drugs from defendant, defendant pulled the drugs out from the front of his pants.  In addition, the police investigator seeking the search warrant submitted a sworn statement that set forth his extensive experience with possession and sale of controlled substances and noted that it was common for drug traffickers to hide drugs in their genital and buttocks area.  Given this information, we find that a factual basis to authorize a strip search was provided.  In view of the foregoing, we find no basis upon which to disturb County Court's denial of the motion to suppress.

Garry, Rose, Mulvey and Aarons, JJ., concur.

ORDERED that the judgment is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court