*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:    November 3, 2016                107272
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                    MEMORANDUM AND ORDER

BRANDON L. WILLIAMS,
                        Appellant.
_____


Calendar Date:   September 6, 2016

Before:  Peters, P.J., McCarthy, Lynch, Rose and Clark, JJ.

                         _____


        Torrance L. Schmitz, Vestal, for appellant.

        Weeden A. Wetmore, District Attorney, Elmira (Damian M.
Sonsire of counsel), for respondent.

                         _____


McCarthy, J.

        Appeal from a judgment of the County Court of Chemung
County (Rich Jr., J.), rendered October 31, 2014, convicting
defendant upon his plea of guilty of the crime of criminal
possession of a controlled substance in the fifth degree.

        In February 2014, an officer of the Elmira Police
Department stopped a vehicle that matched a description of one
that had been stolen and that was being driven by defendant.
After defendant acknowledged that his driver's license was
suspended, he was arrested for aggravated unlicensed operation of
a motor vehicle in the second degree.  Following his arrest,
defendant was transported to the police station and subjected to
a search, after which officers ultimately recovered marihuana and
cocaine, which defendant had secreted on his person.  Defendant
was subsequently indicted on one count of criminal possession of

a controlled substance in the fifth degree.  Following the denial of his motion to suppress the drugs found on his person, defendant pleaded guilty as charged and was sentenced, as a second felony offender, to two years in prison with two years of postrelease supervision.  Defendant appeals, arguing that County Court erred in denying his suppression motion.

County Court properly denied defendant's motion to suppress the drugs as evidence.  "[A] strip search must be founded on a reasonable suspicion that the arrestee is concealing evidence underneath clothing and the search must be conducted in a reasonable manner" (People v Hall, 10 NY3d 303, 310-311 [2008], cert denied 555 US 938 [2008]; see People v Williams, 140 AD3d 1526, 1528 [2016]).  "To advance to the next level required for a visual cavity inspection, the police must have a specific, articulable factual basis supporting a reasonable suspicion to believe the arrestee secreted evidence inside a body cavity and the visual inspection must be conducted reasonably" (People v Hall, 10 NY3d at 311; see People v Cogdell, 126 AD3d 1136, 1138 [2015], lv denied 25 NY3d 1200 [2015]).

At the suppression hearing, police officer testimony established that, when he was pulled over, defendant was "swaying back and forth" in his seat as officers approached the vehicle and then was emitting a strong odor of marihuana.  Officers did not find any drugs in the vicinity of defendant when he was arrested or when his clothing and pockets were searched, and defendant continued to smell of marihuana even after he was taken from the vehicle that he was stopped in.  Moreover, a search of the vehicle did not uncover the source of the odor.  Thereafter, police officers placed defendant in a search room at the police department to conduct a strip search.  Defendant removed articles of clothing one by one, articles which were thereafter searched and none of which revealed the source of the odor of marihuana. The officers thereafter attempted to conduct a visual cavity search, which defendant refused to comply with.  After defendant refused to comply and after officers attempted to secure defendant in handcuffs, defendant attempted to strike and kick the officers, leading to a physical altercation. During that altercation, one officer observed a white object protruding from

defendant's buttocks.  After defendant was subdued, an officer began the application for a search warrant in order to perform a body cavity search.  In the meantime, and according to an officer assigned to observe defendant, defendant provided officers with a baggie containing what appeared to be marihuana that he had procured from his groin area.  Thereafter, the same officer observed defendant holding a white object in his hand.  Officers pinned defendant to the wall, pried his fingers open when he refused to open his hand and secured a plastic baggie containing a white substance later identified as cocaine.

Defendant testified to a different narrative.  According to him, officers openly discussed falsifying reports so as to justify a strip search.  Defendant further claimed that he was punched in the face by a police officer after he was removed from the vehicle that he was driving.  Finally, defendant claimed that, when he refused to submit to strip and visual cavity searches, officers wrestled him to the ground and forcefully removed a baggie of cocaine from his rectum.

In regard to all disputed facts relevant to this suppression inquiry, County Court credited the testimony provided by the officers and discredited defendant's testimony. Considering the officers' testimony, the aforementioned individualized facts regarding defendant's behavior and odor provided reasonable suspicion to perform a strip search and then attempt a visual cavity search when the strip search did not reveal the source of the odor.  The execution of the strip search was reasonable, particularly in light of the fact that defendant removed his own clothes in a designated search room.  Contrary to defendant's contention, force was used to secure defendant after he refused to submit to handcuffing and attempted to strike and kick officers, but it was not used for the purposes of conducting a visual cavity search.  Finally, the credited evidence established that no cavity search occurred, as police officers only recovered the evidence after it either fell out of defendant's body or was removed by him. Based on the foregoing, and affording appropriate deference to the court's credibility determination, the court did not err in denying defendant's suppression motion (see People v Williams, 140 AD3d at 1528;

People v Cogdell, 126 AD3d at 1139; People v Anderson, 104 AD3d 968, 971 [2013], lvs denied 21 NY3d 1013, 1016 [2013]).

Peters, P.J., Lynch, Rose and Clark, JJ., concur.

ORDERED that the judgment is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court