*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  November 3, 2016                    106656
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                MEMORANDUM AND ORDER

RYAN GUNN,
                        Appellant.
_____


Calendar Date:  September 9, 2016

Before:  McCarthy, J.P., Egan Jr., Devine, Clark and Aarons, JJ.

_____


        Kindlon Shanks & Associates, Albany (Kathy Manley of
counsel), for appellant.

        P. David Soares, District Attorney, Albany (Vincent Stark
of counsel), for respondent.

_____


Aarons, J.

        Appeal from a judgment of the County Court of Albany County
(Herrick, J.), rendered January 16, 2014, upon a verdict
convicting defendant of the crimes of criminal possession of a
weapon in the second degree (two counts) and assault in the
second degree.

        Defendant was charged in a multi-count indictment alleging
that he shot his neighbor in the arm during an altercation with
him.  The jury acquitted defendant of the charges of attempted
murder in the second degree and attempted assault in the first
degree but convicted him of assault in the second degree and two
counts of criminal possession of a weapon in the second degree.
County Court subsequently sentenced defendant to an aggregate

prison term of 10½ years to be followed by five years of postrelease supervision.  Defendant appeals.  We affirm.

Defendant first argues that the verdict was against the weight of the evidence.  A defendant is guilty of criminal possession of a weapon in the second degree if he or she intends to use a loaded firearm against another person or possesses a loaded firearm outside his or her home or business (see Penal Law § 265.03 [1] [b]; [3]).  A defendant is guilty of assault in the second degree when, with the intent to cause physical injury to another person, he or she injures such person by means of a deadly weapon (see Penal Law § 120.05 [2]).

The trial evidence reveals that after the victim left a grocery store, two individuals, who lived across the street from him, attacked him and started punching him.  After this fight, the victim saw defendant, who was holding a machete.  The two of them "tussled" and then defendant told the victim that he would be right back.  Upon returning, defendant pulled out a gun from his pants and the victim ran back to his house.  Defendant chased the victim, pushed the victim's girlfriend out of his way and shot the victim in his shoulder.  The victim was treated at a hospital for a gunshot wound.

While defendant premises his weight of the evidence argument on the lack of credibility of the victim and the victim's girlfriend, such matters were explored on cross-examination and presented an issue for the jury's resolution.  Additionally, any inconsistencies in their testimony in describing the shooting incident were minor and likewise submitted for the jury's consideration (see People v Heaney, 75 AD3d 836, 837 [2010], lv denied 15 NY3d 852 [2010]).  Moreover, notwithstanding these inconsistencies, both the victim and his girlfriend unequivocally identified defendant as the shooter.  Accordingly, viewing the evidence in a neutral light and according deference to the jury's credibility determinations, we are satisfied that the verdict was supported by the weight of the evidence (see People v Capers, 129 AD3d 1313, 1315 [2015], lv denied 27 NY3d 994 [2016]; People v Soriano, 121 AD3d 1419, 1421 [2014]; People v Moyer, 75 AD3d 1004, 1006 [2010]).

We reject defendant's contention that County Court erred in allowing the People to offer evidence that, when defendant vacated his apartment following the shooting, his landlord discovered that he had left behind two dogs, as such evidence was admissible as indicative of defendant's consciousness of guilt (see People v Almonte, 118 AD3d 548, 548 [2014], lv denied 24 NY3d 1117 [2015]; People v Harris, 304 AD2d 839, 839 [2003], lv denied 100 NY2d 582 [2003]; People v De Vivo, 282 AD2d 770, 772 [2001], lv denied 96 NY2d 900 [2001]; cf. People v Lockerby, 178 AD2d 805, 807 [1991], lv denied 80 NY2d 834 [1992]). We further note that after weighing the probative value of such evidence against any potential prejudice to defendant, County Court fashioned an appropriate balance by limiting the evidence to the mere discovery of the dogs in their cages and precluding the People from eliciting testimony that one dog had died and the other was malnourished. Defendant's other contention that reversible error occurred by the People's failure to seek a pretrial ruling concerning the admissibility of proof of a bounced check is without merit inasmuch as the witness's disclosure that the check had bounced was an unsolicited comment to the prosecutor's question. In any event, in light of the overwhelming proof of defendant's guilt, any error in the admission of this evidence was harmless (see People v Lindsey, 75 AD3d 906, 908 [2010], lv denied 15 NY3d 922 [2010]; People v Stearns, 39 AD3d 973, 974 [2007], lv denied 9 NY3d 851 [2007]).

We also find no abuse of County Court's discretion in denying defendant's request for a missing witness charge. The People demonstrated that they made diligent efforts to locate the witness in that the witness was served with a subpoena, a material witness warrant was issued for his appearance, attempts to reach the witness by phone and mail proved unsuccessful and the witness could not be found at either his home or his relatives' homes. Under these circumstances, although the witness's testimony was material, County Court properly declined to give a missing witness charge (see People v Lawing, 119 AD3d 1149, 1150-1151 [2014], lv denied 24 NY3d 1121 [2015]; People v Rivera, 249 AD2d 141, 142 [1998], lv denied 92 NY2d 904 [1998]; People v McCullers, 119 AD2d 835, 836 [1986], lv denied 68 NY2d 758 [1986]).

We further disagree with defendant that reversal is required based upon certain remarks made by the prosecutor during summation. Initially, the claims premised upon the disparaging comments by the prosecutor are not preserved due to defendant's failure to raise a timely objection thereto (see People v Perry, 95 AD3d 1444, 1446 [2012], lvs denied 19 NY3d 995, 1000 [2012]). Regarding the preserved claims, even if the prosecutor improperly interjected his opinion or commented on matters outside the evidence, given their isolated and fleeting nature, defendant's prompt objections, which County Court sustained, and County Court's instructions that such comments be stricken and be disregarded by the jury, we conclude that defendant was not deprived of a fair trial by the prosecutor's summation (see People v Chancey, 127 AD3d 1409, 1412 [2015], lv denied 25 NY3d 1199 [2015]; People v Hughes, 111 AD3d 1170, 1173 [2013], lv denied 23 NY3d 1038 [2014]; People v Carney, 110 AD3d 1244, 1245 [2013]).

Finally, we are unpersuaded by defendant's claim that the imposed sentence, which was less than the statutory maximum, is harsh and excessive. In light of the violent nature of the crime and defendant's lack of remorse, we discern no abuse of discretion or extraordinary circumstances warranting a modification of the sentence (see People v Mayo, 100 AD3d 1155, 1156 [2012]; People v Young, 74 AD3d 1471, 1473 [2010], lv denied 15 NY3d 811 [2010]).

McCarthy, J.P., Egan Jr., Devine and Clark, JJ., concur.


ORDERED that the judgment is affirmed.


ENTER:

Robert D. Mayberger
Clerk of the Court