People v Jones (2020 NY Slip Op 03826)





People v Jones


2020 NY Slip Op 03826


Decided on July 9, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 9, 2020

111934

[*1]The People of the State of New York, Respondent,
v
Roderick Jones, Appellant.

Calendar Date: May 21, 2020

Before: Egan Jr., J.P., Mulvey, Aarons, Pritzker and Colangelo, JJ.


Danielle Neroni Reilly, Albany, for appellant.
P. David Soares, District Attorney, Albany (Christopher D. Horn of counsel), for respondent.



Pritzker, J.
Appeal from a judgment of the Supreme Court (Lynch, J.), rendered July 18, 2019 in Albany County, convicting defendant upon his plea of guilty of the crimes of criminal possession of a weapon in the second degree and driving while intoxicated (two counts).
In January 2019, defendant was charged by indictment with one count of criminal possession of a weapon in the second degree and two counts of driving while intoxicated stemming from an incident wherein defendant crashed a vehicle into a building while intoxicated and, upon an inventory search of the vehicle, a loaded pistol was discovered. Defendant moved for, among other relief, suppression of the loaded pistol based on law enforcement's alleged failure to create an inventory list. After a hearing, Supreme Court denied defendant's motion. Thereafter, defendant pleaded guilty as charged, retaining his right to appeal. He was then sentenced, as a second felony offender, to a prison term of five years, followed by five years of postrelease supervision, for his conviction of criminal possession of a weapon in the second degree, and to time served for his remaining convictions.[FN1] Defendant appeals.
Defendant's challenges to his guilty plea as involuntary and factually insufficient are unpreserved "as the record does not disclose that he made an appropriate postallocution motion" (People v Burks, 163 AD3d 1286, 1287 [2018], lv denied 32 NY3d 1063 [2018]; see People v Jones, 155 AD3d 1103, 1106 [2017], lv denied 30 NY3d 1106 [2018]). Moreover, as defendant made no statement during his plea allocution that negated an essential element or cast significant doubt as to his guilt, the narrow exception to the preservation requirement is inapplicable (see People v Lopez, 71 NY2d 662, 666 [1988]; People v Milligan, 165 AD3d 1347, 1347 [2018]).
Defendant also contends that Supreme Court erroneously held that the search of his vehicle was a valid inventory search. We agree. "Following a lawful arrest of the driver of a vehicle, the police may impound the car, and conduct an inventory search, where they act pursuant to reasonable police regulations relating to inventory procedures administered in good faith" (People v Leonard, 119 AD3d 1237, 1238 [2014] [internal quotation marks and citations omitted]; see People v Padilla, 21 NY3d 268, 272 [2013], cert denied 571 US 889 [2013]). "To be valid, the inventory search must be both reasonable and conducted pursuant to established police agency procedures that are designed to meet the legitimate objectives of the search while limiting the discretion of the officer in the field" (People v Espinoza, 174 AD3d 1062, 1063 [2019] [internal quotation marks and citations omitted]; accord People v Abdur-Rashid, 64 AD3d 1087, 1088-1089 [2009], affd 15 NY3d 106 [2010]). The People bear the burden to submit a standardized inventory search policy, as well as to demonstrate that the inventory search was reasonable and that the police officers followed the set procedures (see People v Leonard, 119 AD3d at 1238; People v Cardenas, 79 AD3d 1258, 1260 [2010], lv denied 16 NY3d 857 [2011]).
Mark Elliott, a police officer with the City of Albany Police Department, testified at the suppression hearing regarding his search of the vehicle. During the course of his testimony, the People admitted into evidence a portion (section XI) of an Albany Police Department document entitled "Inventory Searches." As relevant, this policy provides that an impounded vehicle must be "thoroughly searched" and that any "valuable personal property" is to be removed by the police, inventoried and "kept in safe custody." The policy goes on to state that, "[i]f a vehicle is to be towed by the Albany Police, an inventory search of the vehicle shall be conducted before it is towed" and that "[a]ll impounded vehicles and containers therein shall be completely inventoried." Thus, the policy requires the inventory search any time a vehicle is towed, thereby properly limiting the discretion of the police officers (see People v Galak, 80 NY2d 715, 719 [1993]; compare People v Leonard, 119 AD3d at 1239). The policy also explicitly states that an inventory search must be completed before a vehicle is towed for the "exclusive purposes" of protecting the police and tow operator from dangerous instrumentalities inside of the vehicle, safeguarding the vehicle owner's property and protecting the police and tow operator from false claims of loss or theft, all of which are permissible objectives (see People v Galak, 80 NY2d at 718; People v Espinoza, 174 AD3d at 1063). Accordingly, this inventory search policy proffered by the People is reasonable as it is "designed to meet the legitimate objectives of the search while limiting the discretion of the officer in the field" (People v Briggs, 21 AD3d 1218, 1219 [2005], lv denied 5 NY3d 851 [2005]; accord People v Leonard, 119 AD3d at 1238).
Despite the reasonableness of the policy, Elliott's testimony reveals that he did not comply with it and, therefore, Supreme Court erred in denying defendant's suppression motion. To that end, Elliott testified that it is the Albany Police Department's policy, as related to inventory searches, that "[a]nything valuable is . . . logged and placed into our property for safekeeping." Elliott further testified that, because nothing of value was found in the car, nothing was seized and an inventory list was not created relative to the contents of the vehicle. This testimony conflates the requirement that a written inventory always be created with the discretion given to police officers to determine which property is valuable and, as such, must be taken into custody for safekeeping. Thus, from his testimony, it is apparent that Elliott did not comply with the policy regarding inventory searches, as it clearly mandates that an inventory search always be completed and the vehicle be "completely inventoried," not allowing for discretion of the individual officers (see People v Gomez, 13 NY3d 6, 11 [2009]; see also People v Leonard, 119 AD3d at 1239; see generally People v Gabriel, 155 AD3d 1438, 1441 [2017], lv denied 31 NY3d 1081 [2018]). Consequently, the judgment is reversed and the motion to suppress the pistol is granted.
Mulvey, Aarons and Colangelo, JJ., concur.
Egan Jr., J.P. (dissenting).
Because I believe that the seizure by the police of a handgun during a search of defendant's damaged vehicle that was about to be towed was incidental to a valid inventory search, I respectfully dissent.
The police did not stop defendant's vehicle — they were dispatched to the area of Rensselaer Street and South Pearl Street in the City of Albany as a result of a report that a vehicle had crashed into a building. Upon their arrival at this location, the police found a white 2018 Hyundai automobile crashed into a stairwell of an office building, its engine running, in drive and defendant asleep at the wheel. From inside the car, police retrieved a cup containing what was believed to be a rum and coke. Upon being awoken and as he was leaving the vehicle, defendant was observed to have glassy eyes, slurred speech and an unsteady gait, and there was an odor of alcohol. He stated to police that he had been in the passenger seat but was moved by someone to the driver's seat.
After defendant was placed under arrest for driving while intoxicated, a search of the vehicle prior to it being towed revealed the presence of condoms, saline solution, a digital scale, a pair of jeans, a plastic bag containing other clothing and a loaded Sterling .380 caliber pistol. Defendant was searched at the police station for his personal property and a wallet, belt, jewelry and watch were found. Those items found on defendant were documented on a police department property slip. The pistol and digital scale were logged into the police department database as evidence. The remaining items found in the vehicle were neither removed nor inventoried based upon an officer's determination that they were not valuable.
In my opinion, the police did not violate the police department's vehicle inventory procedures. The pertinent procedure required that, if a vehicle is impounded, "all valuable personal property" (emphasis added) shall be removed, inventoried and kept in police custody. This procedure did not require that all personal property, of whatever value, be taken into custody and inventoried for safekeeping. Supreme Court credited the police officer's testimony that he did not fill out an inventory sheet for the condoms, saline solution, pair of jeans and plastic bag of clothes because, in his judgment, they were not valuable and, therefore, did not need to be recovered and inventoried. Given the rationale behind the department's requirement that valuable property be inventoried in order to protect the police against claims of lost or stolen property and to protect police and others from potentially dangerous instrumentalities (see People v Galak, 80 NY2d 715, 718 [1993]), it is logical that not every single item found inside every impounded vehicle be recovered and inventoried (see People v Padilla, 21 NY3d 268, 272-273 [2013], cert denied 571 US 889 [2013]; People v Walker, 20 NY3d 122, 125-127 [2012]; People v Edwards, 163 AD3d 712, 714 [2018]; People v Morman, 145 AD3d 1435, 1436 [2016], lv denied 29 NY3d 999 [2017]; compare People v Gabriel, 155 AD3d 1438, 1440-1441 [2017], lv denied 31 NY3d 1081 [2018]). Here, the police did document every item that they retained — in the case of the pistol and the scale, on the department's evidence log, and, in the case of defendant's wallet, belt, jewelry and watch, on the property slip. Even if, for the sake of argument, the department's rule can be read to require the police to literally recover and inventory every single item within a vehicle prior to it being towed (which I do not believe), any such failure would not invalidate the entire search that did occur (see People v Lee, 29 NY3d 1119, 1120 [2017]; People v Padilla, 21 NY3d at 272-273; People v Walker, 20 NY3d at 125-126). As such, I find that Supreme Court properly denied defendant's suppression motion and the judgment should therefore be affirmed.
ORDERED that the judgment is reversed, motion to suppress the pistol granted, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.



Footnotes

Footnote 1: Defendant moved for a stay pending appeal, which Supreme Court granted. However, defendant was subsequently arrested on new charges and, after a bail revocation hearing, bail was revoked, his stay pending appeal vacated and the originally-imposed sentence imposed.