**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-50247 |
| Plaintiff - Appellee, | D.C. No. 2:13-cr-00641-JFW-1 |
| v. | |
| ARTAK MOSKOVYAN, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Argued and Submitted September 3, 2015
Pasadena, California

Before: O'SCANNLAIN, FISHER, and BYBEE, Circuit Judges.

Artak Moskovyan, having pled guilty to conspiracy to commit access device

fraud (18 U.S.C. § 1029(b)(2)) and aggravated identity theft (18 U.S.C. § 1028A),

challenges on appeal the district court's denial of his motions to suppress evidence.

Moskovyan contends that the warrantless inventory search of his car and

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

subsequent search of his residence by police were unlawful. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

I

Police acting in a community caretaking capacity may impound an arrestee's vehicle when the vehicle, if left unattended, risks being vandalized or stolen. *Miranda v. City of Cornelius*, 429 F.3d 858, 864 (9th Cir. 2005) (citing *United States v. Jensen*, 425 F.3d 698, 706 (9th Cir.2005)). Here, Moskovyan's luxury sedan, parked in an unfenced lot near a busy intersection, risked theft and vandalism, *see Ramirez v. City of Buena Park*, 560 F.3d 1012, 1025 (9th Cir. 2009); *Hallstrom v. City of Garden City*, 991 F.2d 1473, 1477 n.4 (9th Cir. 1993), and faced the additional risk of being towed because it was parked illegally, *see United States v. Cervantes*, 703 F.3d 1135, 1141–42 (9th Cir. 2012) (invalidating impoundment, in part, because vehicle was parked legally). Because the owner was not present, the officers were not required to consider less intrusive alternatives to impoundment.  *See Miranda*, 429 F.3d at 865 & n.6. Accordingly, the impoundment was justified.

The subsequent inventory search was also valid as the arresting officer followed standardized local procedure, *see Cervantes*, 703 F.3d at 1141 (citing *South Dakota v. Opperman*, 428 U.S. 364, 375–76 (1976)), and Moskovyan failed

2

to demonstrate that the officer's "sole purpose" was investigatory or that he acted in bad faith, *see Colorado v. Bertine*, 479 U.S. 367, 372 (1987); *see also United States v. Bowhay*, 992 F.2d 229, 231 (9th Cir. 1993) (holding inventory search was valid despite officer's admission that he had an additional investigatory motive).

## II

In evaluating the affidavit supporting the search warrant for Moskovyan's home, the district court did not err in limiting its hearing under *Franks v. Delaware*, 438 U.S. 154 (1978), to one issue. As to the other issues, Moskovyan failed to "make a substantial preliminary showing that . . . the affidavit contain[ed] intentionally or recklessly false statements." *United States v. Valencia*, 24 F.3d 1106, 1109 (9th Cir. 1994) (citing *United States v. DeLeon*, 979 F.2d 761, 763 (9th Cir. 1992)).

## III

The district court did not err in finding that police had probable cause to search Moskovyan's residence. The typographical error in the affidavit erroneously identifying the date of arrest as January 6, 2010, instead of January 6, 2011, did not render the information "too stale" to establish probable cause. Any reasonable judge reading the affidavit would have understood that the arrest and discovery of contraband, the basis for the requested search that evening, occurred only hours

3

earlier—not a full year prior. Furthermore, the substance of the affidavit demonstrated a "reasonable nexus," *United States v. Chavez-Miranda*, 306 F.3d 973, 978 (9th Cir. 2002) (internal quotation marks omitted), between the evidence discovered during Moskovyan's arrest and the search of his residence. The hundreds of fraudulent access cards found in Moskovyan's car created a "'fair probability,'" sufficient to justify a warrant, that further evidence related to access device fraud would be found in his home. *See United States v. Hill*, 459 F.3d 966, 970 (9th Cir. 2006) (quoting *Illinois v. Gates*, 462 U.S. 213, 238 (1983)). There was "good cause" for a nighttime search under California Penal Code § 1533 because the officers arrested Moskovyan at night, and others could have destroyed evidence in Moskovyan's home that evening.

IV

Finally, even if the warrant had been flawed, the evidence was admissible under the good-faith exception to the exclusionary rule as it was not "so lacking in indicia of probable cause that no reasonable officer could rely upon it in good faith." *United States v. Crews*, 502 F.3d 1130, 1136 (9th Cir. 2007) (citing *United States v. Leon*, 468 U.S. 897, 923–26 (1984)).

**AFFIRMED.**

4