[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-10947
Non-Argument Calendar
_____

D.C. Docket No. 8:14-cr-00210-CEH-MAP-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSEPH PAUL VLADEFF,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(November 4, 2015)

Before WILSON, JORDAN, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Joseph Vladeff appeals the denial of his motion to suppress evidence obtained during a warrantless search of a truck he was driving in Pasco County, Florida.

Briefly stated, Vladeff was approached by Pasco County Sheriff Sgt. Henry Gardner while he was filling a truck with gas at a gas station, after Sgt. Gardner had previously observed Vladeff driving the truck 15 miles over the speed limit. Vladeff had no driver's license (it had previously been suspended), nor was he able to produce proof of registration or insurance.  Vladeff did not own the truck and was unable to identify its owner, saying that he had borrowed the truck but was not sure who owned it.  Concerned that the truck had been stolen, Sgt. Gardner ran a computer check on the truck's vehicle identification number, which confirmed that the truck was unregistered, uninsured, and that the license plate was not assigned to the truck.  Although Sgt. Gardner identified the name of the truck's last owner, he was unable to locate the owner, so he decided to impound the truck.  After an inventory search, a short-barrel shotgun was found on the floorboard beneath the driver and passenger seats, which Vladeff confessed that he owned.

Vladeff was later indicted on two counts of knowingly possessing an unregistered short-barrel shotgun in violation of 26 U.S.C. §§ 5861(b) and 5871, and knowingly possessing a firearm in and affecting interstate commerce after

having been convicted of multiple crimes punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

Vladeff moved to suppress the short-barrel shotgun and his confession.  On this appeal, he only challenges the district court's refusal to suppress the gun, arguing that the officer lacked the authority to impound the truck because it was on private property rather than a public road, and because the Pasco County Sheriff's Office (PCSO) standard procedures for impounding vehicles were not followed.

On a motion to suppress, we review the district court's factual findings for clear error, and we review de novo the district court's application of the law to the facts. *United States v. Lindsey*, 482 F.3d 1285, 1290 (11th Cir. 2007).  In reviewing the district court's ruling we must construe the facts in the light most favorable to the party prevailing below. *Id.*  [W]e may affirm the denial of a motion to suppress on any ground supported by the record. *United States v. Caraballo*, 595 F.3d 1214, 1222 (11th Cir. 2010).

Upon review of the record, and upon consideration of the briefs of the parties, we find no error in denying Vladeff's motion to suppress.  The district court concluded that the warrantless search did not violate the Fourth Amendment because it fell within the "inventory search" exception. *See Colorado v. Bertine*, 479 U.S. 367, 371-72, 107 S. Ct. 738, 741 (1987).  In order to utilize this exception to the warrant requirement, the government has the burden to show first that the

3

police possessed the authority to impound the vehicle, and then that the officers followed the procedures outlined in the departmental policy in conducting the search. *United States v. Williams*, 936 F.2d 1243, 1248 (11th Cir. 1991). A police officer's decision to impound a car may involve discretion, but it must be made according to standard criteria and on the basis of something other than suspicion of evidence of criminal activity. *Bertine*, 479 U.S. at 375, 107 S. Ct. at 743; *see United States v. Roberson*, 897 F.2d 1092, 1096–97 (11th Cir. 1990) (concluding that the impoundment and inventory of a vehicle on private property in accordance with standard police procedures was not unreasonable under the Fourth Amendment). But that "standard criteria need not be *detailed* criteria." *United States v. Johnson*, 777 F.3d 1270, 1277 (11th Cir. 2015), *petition for cert. filed* (U.S. July 7, 2015) (No. 15-5059). In *Williams*, for example, we upheld an inventory search against plain-error attack where the district court had "indicate[d] that the policy of the [police department] permitted impoundment under [the] circumstances" and "[t]he defendant ha[d] not countered this assertion." 936 F.2d at 1248. "[T]he critical question . . . is not whether the police needed to impound the vehicle in some absolute sense, or could have effected an impoundment more solicitously, but whether the decision to impound and the method chosen for implementing that decision were, under all the circumstances, within the realm of

4

reason." *Sammons v. Taylor*, 967 F.2d 1533, 1543 (11th Cir. 1992) (quoting persuasive authority with approval).

An officer may impound a vehicle because it jeopardizes public safety or impedes the efficient movement of vehicular traffic. *See South Dakota v. Opperman*, 428 U.S. at 369, 96 S. Ct. at 3092, 3097 (1976). Further, impoundments may occur while police officers attempt to determine whether a vehicle has been stolen. *See id.*; *Williams*, 936 F.2d at 1248–49. Moreover, even a lawfully parked car that presents no hazard to public safety may be impounded when the circumstances present an "appreciable risk of vandalism or theft." *United States v. Staller*, 616 F.2d 1284, 1290 (5th Cir. 1980); *see Opperman*, 428 U.S. at 369, 96 S. Ct. at 3097 ("The practice [of securing and inventorying an automobiles' contents] has been viewed as essential to respond to incidents of theft or vandalism.").

Vladeff argues that the district court incorrectly assumed that the truck rested on "public property" rather than "private property" in assessing whether PCSO departmental policy for impoundment was followed, and that therefore, a remand is appropriate to re-determine whether his Fourth Amendment right was violated. However, viewing the evidence in a light most favorable to the government, Sgt. Gardner had authority to impound the truck even if it was abandoned on private property because it was used in the commission of multiple

traffic crimes.  The PCSO General Order plainly envisioned that police officers would impound vehicles when the driver is unable to operate it due to a suspended license; if necessary for the vehicle's safety and security to prevent vandalism or theft; if operation of the unregistered and uninsured vehicle on the road threatens the safety of others; or the vehicle is used in the commission of crimes (i.e., driving with a suspended driver's license, driving an unregistered vehicle, and driving without proof of insurance).  (Pasco County Sheriff's Office General Order §§ I.A.1, 7, 8 and V.A.1.)

The record supports the exercise of Sgt. Gardner's discretion to impound the truck as made "according to standard criteria and on the basis of something other than suspicion of evidence of criminal activity."  *Bertine*, 479 U.S. at 375, 107 S. Ct. at 743.  Vladeff had driven the truck on the public road before he stopped at the gas station.  It is reasonable to assume that he intended to resume driving the vehicle on the public road immediately after he finished pumping gas and receiving his traffic citations.  It was not unreasonable for Sgt. Gardner to impound the truck before Vladeff resumed driving it without a license, registration, and insurance.  Nor would it have been a reasonable exercise of Sgt. Gardner's discretion to simply leave the truck at the gas station for its owner to deal with it or have it turned over to someone not the owner.  It presented a hazard to public

6

safety and a risk of vandalism or theft even if lawfully parked because it was parked at a gas station, not at a private residence or parking lot.

Therefore, we conclude that the district court correctly denied Vladeff's motion to suppress on the ground that the shotgun was properly seized pursuant to an authorized inventory search.

**AFFIRMED**.