**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

WILLIAM EUGENE MOORE,

Defendant - Appellant.

No. 15-50113

D.C. No. 3:14-cr-00537-JLS-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Janis L. Sammartino, District Judge, Presiding

Submitted July 6, 2016[**]
Pasadena, California

Before: FERNANDEZ, CLIFTON, and FRIEDLAND, Circuit Judges.

William Eugene Moore was convicted of Transporting an Illegal Alien

following a conditional guilty plea. He appeals the district court's denial of a

motion to suppress the evidence of the illegal alien found in the trunk of his car

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

following an impoundment and subsequent inventory search of the vehicle. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

The impoundment of Moore's car was reasonable. Community caretaking is an exception to the warrant requirement by which "police officers may impound vehicles that 'jeopardize public safety and the efficient movement of vehicular traffic.'" *Miranda v. City of Cornelius*, 429 F.3d 858, 864 (9th Cir. 2005) (quoting *South Dakota v. Opperman*, 428 U.S. 364, 368-69 (1976)). Moore's car was located in a no parking zone, obstructing a right turn lane and designated bicycle lane, which would have created a hazardous condition. Moore did not have a driver's license. He concedes that the officer had authority to arrest him. The decision to impound Moore's vehicle logically followed, and it was not unreasonable. The availability of less intrusive alternatives, such as allowing Moore to call a friend to come get the car, does not make the course the officer chose unreasonable. *See Colorado v. Bertine,* 479 U.S. 367, 374 (1987).

Once the vehicle was impounded, the discovery of the unlawful alien in the trunk was inevitable. The inventory search of the vehicle was reasonable. Inventory searches are a "well-defined exception to the warrant requirement of the Fourth Amendment." *Id*. at 371. Based on Gray's testimony as to his inventory search training and the written procedure in the California Highway Patrol manual,

the district court did not clearly err in finding that Gray's inventory search complied with standardized inventory search procedures. *Cf. Florida v. Wells*, 495 U.S. 1, 4-5 (1990) (holding that the inventory "search was not sufficiently regulated to satisfy the Fourth Amendment" because "the Florida Highway Patrol had no policy whatever with respect to the opening of closed containers encountered during an inventory search"). "[T]he presence of an investigative motive does not invalidate the inventory search," *United States v. Bowhay*, 992 F.2d 229, 231 (9th Cir. 1993), so even if the district court had found a subjective investigatory intent, the inventory search by the officer was valid.

**AFFIRMED**.