This memorandum is uncorrected and subject to revision before
publication in the New York Reports.
-----------------------------------------------------------------

No. 181
The People &c.,
            Respondent,
        v.
Wilson J. Tardi,
            Appellant.


            Thomas J. Eoannou, for appellant.
            Matthew B. Powers, for respondent.


MEMORANDUM:

            The order of the Appellate Division should be affirmed.

            Defendant contends that the towing and inventory search

of his vehicle by law enforcement officers, following his arrest

for shoplifting, was unconstitutional.  Store security had

observed defendant -- who was known to them as a shoplifter from

- 1 -

prior incidents -- park a vehicle in their parking lot, and security personnel had specifically requested that the police officers tow the vehicle upon defendant's arrest.

Here, the police officers' decision to tow defendant's vehicle, which was parked in the same parking lot in which defendant was arrested, was properly made in accordance with "standard criteria" set forth in the police department's written policy (Colorado v Bertine, 479 US 367, 375 [1987]).  Those criteria, among other things, limit an officer's discretion to tow a vehicle upon a driver's arrest to situations in which such action is necessary to ensure the safety of the vehicle and its contents and where releasing the vehicle to an owner or designee is not otherwise appropriate.  Upon defendant's arrest, the vehicle would have been left unattended indefinitely in the complainant's private parking lot, which had a history of vandalism, and the complainant requested that the police remove the vehicle.  In our view, the officers' decision to tow the vehicle was, therefore, consistent with a community caretaking function (see United States v Vladeff, 630 Fed Appx 998, 1000-1001 [11th Cir 2015]; United States v Moskovyan, 618 Fed Appx 331, 331 [9th Cir 2015] ["Police acting in a community caretaking capacity may impound an arrestee's vehicle when the vehicle, if left unattended, risks being vandalized or stolen"]; United States v Arrocha, 713 F3d 1159, 1163 [8th Cir 2013]; United States v Ramos-Morales, 981 F2d 625, 626-627 [1st Cir 1992];

United States v Staller, 616 F2d 1284, 1289-1290 [5th Cir 1980]).

Moreover, there is no indication that the officers suspected that

they would discover evidence of further criminal activity in

defendant's vehicle, or that they towed the vehicle for that

purpose (see Bertine, 479 US at 376).  Under these particular

circumstances, the officers' exercise of their discretion to tow

defendant's vehicle, in accordance with department policy, was

reasonable and lawful (see id. at 375 [the availability of less

intrusive means does not render police action unreasonable];

People v Walker, 20 NY3d 122, 125 [2012] [law enforcement

officials are not required, as a matter of constitutional law, to

inquire as to whether an arrested individual can arrange for

removal of a vehicle, or to contact the registered owner before

impounding the vehicle]; United States v Moore, 2016 WL 3947835,

at *1, 2016 US App LEXIS 13420, *2, ___ Fed Appx ___, ___ [9th

Cir 2016]; see also South Dakota v Opperman, 428 US 364, 368-369

[1976]).

Defendant's remaining argument, challenging the

propriety of the inventory search of his vehicle, is unpreserved

(see People v John, 27 NY3d 294, 303 [2016]; People v Wallace, 27

NY3d 1037, 1038 [2016]).

People v Wilson J Tardi

No. 181

RIVERA, J.(dissenting):

This case asks us to consider whether the warrantless impoundment and inventory search of defendant's vehicle upon his arrest for shoplifting comports with the Fourth Amendment. The undisputed facts establish that the vehicle's search and seizure were not attendant to defendant's arrest or a public safety interest. Defendant was not arrested while operating the vehicle, nor was he arrested for possession of a stolen car or violation of the vehicle and traffic laws. Furthermore, upon his arrest, the vehicle was parked unobtrusively and safely. On these facts, the tow and search of defendant's vehicle was unreasonable.

The police may impound a vehicle without a warrant "in the interests of public safety and as part of what the [United States Supreme] Court has called community caretaking functions" (South Dakota v Opperman, 428 US 364, 369 [1976][internal quotations and citation omitted]). Specifically, police may "remove and impound automobiles which violate parking ordinances and which thereby jeopardize both the public safety and the efficient movement of vehicular traffic" (id. at 368-369). However, in order to minimize the potential abuse of what is

- 1 -

ostensibly a public safety exception to the Fourth Amendment --
under which "automobiles are frequently taken into police
custody" (id. at 368) -- impoundment of a vehicle must be
"completely unrelated to an ongoing criminal investigation"
(United States v Duguay, 93 F3d 346, 352 [7th Cir 1996]).  Thus,
"[a]n officer cannot reasonably order an impoundment in
situations where the location of the vehicle does not create any
need for the police to protect the vehicle or to avoid a hazard
to other drivers" (Miranda v City of Cornelius, 429 F3d 858, 865
[9th Cir 2005]; see also United States v Pappas, 735 F2d 1232
[10th Cir 1984][impoundment improper where car parked on private
property and there was "no need for the impound and inventory
search" since "Opperman cannot be used to justify the automatic
inventory of every car upon the arrest of its owner"]).

Supreme Court cases provide examples of the proper
limits on the caretaking function.  In Opperman, the Court upheld
the inventory search and impoundment of an abandoned car where
the owner "was not present to make other arrangements for the
safekeeping of his belongings" (428 US at 375).  In Colorado v
Bertine (479 US 367 [1987]), cited by the majority (majority op
at 2), the car at issue had been impounded upon the driver's
arrest for driving while under the influence of alcohol, and the
car was effectively abandoned in the middle of the road after its
driver was arrested while driving it.  Both cases squarely
implicated the public safety and the efficient flow of traffic,

neither of which is at issue in defendant's case.

Here, defendant was arrested outside the store from which he had allegedly shoplifted, in a separate location from where his car was parked, and the car was unrelated to the underlying arrest. Moreover, the car was registered to defendant's mother, a fact of which officers would have become immediately aware upon checking the license plate. The car's position in the parking lot, therefore, neither jeopardized the "efficient movement of vehicular traffic," since the car was stationed in a parking lot not obstructing traffic, nor was it a threat to public safety, since it was not on the side of the road creating a hazard to other drivers. To the extent the majority concludes that defendant left his car "unattended" (majority op at 2), this was only insofar as any car is unattended when its driver parks and goes into a store, and as such cannot justify the warrantless search and seizure of a vehicle. Nor was the defendant's car a "luxury" car (United States v Moskovyan, 618 Fed Appx 331, 331 [9th Cir 2015]) with an "appreciable risk of vandalism or theft" (United States v Staller, 616 F2d 1284 [5th Cir 1980]).

There is also no basis to conclude that defendant's car was abandoned because, unlike in Opperman where the car was illegally parked overnight and collecting parking tickets over the course of many hours, defendant's car had been in use just before his arrest and there is nothing in the record to suggest

that the car would have remained in the lot indefinitely. Indeed, defendant's mother, to whom the car was registered, or even defendant's wife, could have come to retrieve the car.

Under these circumstances, there was no community caretaking justification for impounding defendant's car. Absent a legitimate seizure of the car, the warrantless search of its contents was also unconstitutional[*] (see People v Cantor, 36 NY2d 106 [1975]).

The Fourth Amendment cannot tolerate a practice of "impoundment upon arrest." The community caretaking function must actually mean community caretaking, and cannot authorize police officers to search cars that are neither a threat to public safety nor a problem for members of the public. By failing to recognize this, the majority's opinion undermines the Fourth Amendment's protection of individual privacy from the state. I cannot agree to such erosion of this fundamental constitutional guarantee against unwarranted and unreasonable police invasions, and so I would reverse the Appellate Division.

*    *    *    *    *    *    *    *    *    *    *    *    *    *    *    *    *

Order affirmed, in a memorandum. Chief Judge DiFiore and Judges Pigott, Abdus-Salaam, Stein and Garcia concur. Judge Rivera dissents in an opinion. Judge Fahey took no part.

Decided November 21, 2016

---

[*]Notably, even the local police procedure provided for inventory searches only upon legitimate, police-directed towing (Cheektowaga Police Department, General Order O-5-8, Towing and Impoundment, p. 2).