OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
Defendant contends that the towing and inventory search of his vehicle by law enforcement officers, following his arrest for shoplifting, was unconstitutional. Store security had observed defendant—who was known to them as a shoplifter from prior incidents—park a vehicle in their parking lot, and security personnel had specifically requested that the police officers tow the vehicle upon defendant’s arrest.
Here, the police officers’ decision to tow defendant’s vehicle, which was parked in the same parking lot in which defendant was arrested, was properly made in accordance with “standard criteria” set forth in the police department’s written policy (Colorado v Bertine, 479 US 367, 375 [1987]). Those criteria, among other things, limit an officer’s discretion to tow a vehicle upon a driver’s arrest to situations in which such action is necessary to ensure the safety of the vehicle and its contents and where releasing the vehicle to an owner or designee is not otherwise appropriate. Upon defendant’s arrest, the vehicle would have been left unattended indefinitely in the complainant’s private parking lot, which had a history of vandalism, and the complainant requested that the police remove the vehicle. In our view, the officers’ decision to tow the vehicle was, therefore, consistent with a community caretaking function (see United States v Vladeff, 630 Fed Appx 998, 1000-1001 [11th Cir 2015]; United States v Moskovyan, 618 Fed Appx 331, 331 [9th Cir 2015] [“Police acting in a community caretaking capacity may impound an arrestee’s vehicle when the vehicle, if left unattended, risks being vandalized or stolen”]; United States v Arrocha, 713 F3d 1159, 1163 [8th Cir 2013]; United States v Ramos-Morales, 981 F2d 625, 626-627 [1st Cir 1992]; United States v Staller, 616 F2d 1284, 1289-1290 [5th Cir 1980]). Moreover, there is no indication that the officers suspected that they would discover evidence of further criminal activity in defendant’s vehicle, or that they towed the vehicle for that purpose (see Bertine, 479 US at 376). Under these particular circumstances, the officers’ exercise of their discretion to tow defendant’s vehicle, in accordance with department *1079 policy, was reasonable and lawful (see id. at 375 [the availability of less intrusive means does not render police action unreasonable]; People v Walker, 20 NY3d 122, 125 [2012] [law enforcement officials are not required, as a matter of constitutional law, to inquire as to whether an arrested individual can arrange for removal of a vehicle, or to contact the registered owner before impounding the vehicle]; United States v Moore, 655 Fed Appx 531, 532 [9th Cir 2016]; see also South Dakota v Opperman, 428 US 364, 368-369 [1976]).
Defendant’s remaining argument, challenging the propriety of the inventory search of his vehicle, is unpreserved (see People v John, 27 NY3d 294, 303 [2016]; People v Wallace, 27 NY3d 1037, 1038 [2016]).