Rivera, J.
(dissenting). This case asks us to consider whether the warrantless impoundment and inventory search of defendant’s vehicle upon his arrest for shoplifting comports with the Fourth Amendment. The undisputed facts establish that the vehicle’s search and seizure were not attendant to defendant’s arrest or a public safety interest. Defendant was not arrested while operating the vehicle, nor was he arrested for possession of a stolen car or violation of the vehicle and traffic laws. Furthermore, upon his arrest, the vehicle was parked unobtrusively and safely. On these facts, the tow and search of defendant’s vehicle was unreasonable.
The police may impound a vehicle without a warrant “[i]n the interests of public safety and as part of what the [United States Supreme] Court has called community caretaking functions” (South Dakota v Opperman, 428 US 364, 368 [1976] [internal quotation marks and citation omitted]). Specifically, police may “remove and impound automobiles which violate parking ordinances and which thereby jeopardize both the public safety and the efficient movement of vehicular traffic” (id. at 369). However, in order to minimize the potential abuse of what is ostensibly a public safety exception to the Fourth Amendment—under which “automobiles are frequently taken into police custody” (id. at 368)—impoundment of a vehicle must be “completely unrelated to an ongoing criminal investigation” (United States v Duguay, 93 F3d 346, 352 [7th Cir 1996]). Thus, “[a]n officer cannot reasonably order an impoundment in situations where the location of the vehicle does not create any need for the police to protect the vehicle or to avoid a hazard to other drivers” (Miranda v City of Cornelius, 429 F3d 858, 866 [9th Cir 2005]; see also United States v Pappas, *1080 735 F2d 1232, 1234 [10th Cir 1984] [impoundment improper where car parked on private property and there was “no need for the impound and inventory search” since “Opperman cannot be used to justify the automatic inventory of every car upon the arrest of its owner”]).
Supreme Court cases provide examples of the proper limits on the caretaking function. In Opperman, the Court upheld the inventory search and impoundment of an abandoned car where the owner “was not present to make other arrangements for the safekeeping of his belongings” (428 US at 375). In Colorado v Bertine (479 US 367 [1987]), cited by the majority (majority mem at 1078), the car at issue had been impounded upon the driver’s arrest for driving while under the influence of alcohol, and the car was effectively abandoned in the middle of the road after its driver was arrested while driving it. Both cases squarely implicated the public safety and the efficient flow of traffic, neither of which is at issue in defendant’s case.
Here, defendant was arrested outside the store from which he had allegedly shoplifted, in a separate location from where his car was parked, and the car was unrelated to the underlying arrest. Moreover, the car was registered to defendant’s mother, a fact of which officers would have become immediately aware upon checking the license plate. The car’s position in the parking lot, therefore, neither jeopardized the “efficient movement of vehicular traffic,” since the car was stationed in a parking lot not obstructing traffic, nor was it a threat to public safety, since it was not on the side of the road creating a hazard to other drivers. To the extent the majority concludes that defendant left his car “unattended” (majority mem at 1078), this was only insofar as any car is unattended when its driver parks and goes into a store, and as such cannot justify the warrant-less search and seizure of a vehicle. Nor was the defendant’s car a “luxury” car (United States v Moskovyan, 618 Fed Appx 331, 331 [9th Cir 2015]) with an “appreciable risk of vandalism or theft” (United States v Staller, 616 F2d 1284, 1290 [5th Cir 1980]).
There is also no basis to conclude that defendant’s car was abandoned because, unlike in Opperman where the car was illegally parked overnight and collecting parking tickets over the course of many hours, defendant’s car had been in use just before his arrest and there is nothing in the record to suggest that the car would have remained in the lot indefinitely. Indeed, defendant’s mother, to whom the car was registered, or even defendant’s wife, could have come to retrieve the car.
*1081 Under these circumstances, there was no community caretak-ing justification for impounding defendant’s car. Absent a legitimate seizure of the car, the warrantless search of its contents was also unconstitutional (see People v Cantor, 36 NY2d 106 [1975]).*
The Fourth Amendment cannot tolerate a practice of “impoundment upon arrest.” The community caretaking function must actually mean community caretaking, and cannot authorize police officers to search cars that are neither a threat to public safety nor a problem for members of the public. By failing to recognize this, the majority’s opinion undermines the Fourth Amendment’s protection of individual privacy from the state. I cannot agree to such erosion of this fundamental constitutional guarantee against unwarranted and unreasonable police invasions, and so I would reverse the Appellate Division.
Chief Judge DiFiore and Judges Pigott, Abdus-Salaam, Stein and Garcia concur; Judge Rivera dissents in an opinion; Judge Fahey taking no part.
Order affirmed, in a memorandum.

 Notably, even the local police procedure provided for inventory searches only upon legitimate, police-directed towing (Cheektowaga Police Department General Order 0-5-8 [Towing and Impoundment] at 2).