People v Weeks (2020 NY Slip Op 02198)





People v Weeks


2020 NY Slip Op 02198


Decided on April 2, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOSEPH J. MALTESE
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2017-12788
 (Ind. No. 2879/16)

[*1]The People of the State of New York, respondent,
v
Antoine Weeks, appellant.


Paul Skip Laisure, New York, NY (Leila Hull of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, Ellen C. Abbot, and Eunice Villantoy of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Barry Kron, J.), rendered October 31, 2017, convicting him of criminal possession of a weapon in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing (Barry Schwartz, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.
ORDERED that the judgment is reversed, on the law, the defendant's plea of guilty is vacated, that branch of the defendant's omnibus motion which was to suppress physical evidence is granted, the indictment is dismissed, and the matter is remitted to the Supreme Court, Queens County, for further proceedings consistent with CPL 160.50.
On September 16, 2016, the defendant parked his vehicle in a visitor's parking spot outside the precinct station house for the 113th precinct and entered the station house to recover the belongings of a friend who had previously been arrested. The defendant provided a police officer with identification. The officer then searched the defendant's name in a police database, discovered that the defendant had an outstanding bench warrant, and arrested the defendant. The officer then impounded the defendant's vehicle and, during an inventory search, discovered a handgun, a samurai sword, and a marijuana cigarette. The defendant was charged with criminal possession of a weapon in the second degree, criminal possession of stolen property in the fourth degree, unlawful possession of marihuana, and two violations of the Vehicle and Traffic Law relating to the vehicle's registration and license plates. The defendant moved, inter alia, to suppress the physical evidence on the ground that the impoundment of the vehicle was unlawful. Following a hearing, the Supreme Court denied the defendant's motion. The defendant then pleaded guilty to one count of criminal possession of a weapon in the second degree in full satisfaction of the indictment. The defendant appeals.
Contrary to the People's contention, the record does not establish that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (see People v Thomas, _____ NY3d _____, 2019 NY Slip Op 08545, *7; People v Smalls, 178 AD3d 738, 738-739). The Supreme Court never elicited an acknowledgment that the defendant was voluntarily waiving his right to appeal, and its colloquy failed to adequately explain the right to appeal or distinguish the defendant's waiver of his right to appeal from other rights automatically forfeited by a plea of guilty [*2](see People v Birch, 171 AD3d 938, 938). Although the record includes a written waiver of the right to appeal signed by the defendant, the court "failed to ascertain on the record whether the defendant had read the waiver, discussed it with counsel, or was even aware of its contents" (id. at 939). Since the appeal waiver was invalid, it does not preclude appellate review of the defendant's contention that the court should have granted that branch of his omnibus motion which was to suppress physical evidence.
"When the driver of a vehicle is arrested, the police may impound the car, and conduct an inventory search, where they act pursuant to reasonable police regulations relating to inventory procedures administered in good faith'" (People v Walker, 20 NY3d 122, 125, quoting Colorado v Bertine, 479 US 367, 374). The police may also impound a vehicle without a warrant "[i]n the interests of public safety and as part of what the [United States Supreme] Court has called community caretaking functions'" (South Dakota v Opperman, 428 US 364, 368, quoting Cady v Dombrowski, 413 US 433, 441).
Here, the Supreme Court erred in denying that branch of the defendant's omnibus motion which was to suppress the physical evidence recovered from his vehicle. The People failed to establish the lawfulness of the impoundment of the defendant's car and subsequent inventory search (see People v Gomez, 13 NY3d 6, 11; People v Small, 156 AD3d 820, 822; People v Leonard, 119 AD3d 1237, 1238). The arresting officer testified that the defendant's vehicle was legally parked in a visitor's parking space, and the officer was unaware of posted time limits pertaining to the visitor parking spaces. Although the officer testified that he impounded the defendant's vehicle to safeguard the defendant's property against a potential burglary, the People presented no evidence demonstrating any history of burglary or vandalism in the area where the defendant had parked his vehicle. Thus, the People failed to establish that the impoundment of the defendant's vehicle was in the interests of public safety or part of the police's community caretaking function (see South Dakota v Opperman, 428 US at 368; People v Tardi, 28 NY3d 1077, 1078). Moreover, the People failed to present any evidence as to whether the New York City Police Department had a policy regarding impoundment of vehicles, what that policy required, or whether the arresting officer complied with that policy when he impounded the defendant's vehicle (see People v Tardi, 28 NY3d at 1078; People v Leonard, 119 AD3d at 1238; see also People v Bacquie, 154 AD3d 648, 649-650).
Accordingly, the impoundment of the defendant's vehicle was unlawful and the physical evidence that was recovered from the vehicle during the inventory search subsequent to that impoundment must be suppressed as fruits of the unlawful impoundment (see e.g. People v Hickey, 172 AD3d 745, 747-748). Without the suppressed evidence, there could not be sufficient evidence to prove the defendant's guilt beyond a reasonable doubt, and the indictment must therefore be dismissed (see id.).
DILLON, J.P., MALTESE, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court