People v Kang (2020 NY Slip Op 02661)





People v Kang


2020 NY Slip Op 02661


Decided on May 6, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 6, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
JEFFREY A. COHEN
FRANCESCA E. CONNOLLY
PAUL WOOTEN, JJ.


2018-11841
 (Ind. No. 237/18)

[*1]The People of the State of New York, respondent,
v
Scott Kang, appellant.


Paul Skip Laisure, New York, NY (Kathleen Whooley of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill and Roni Piplani of counsel; Lorrie A. Zinno on the memorandum), for respondent.



DECISION & ORDER
Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Queens County (Barry Kron, J.), imposed September 13, 2018, upon his plea of guilty, on the ground that the sentence was excessive.
ORDERED that the sentence is affirmed.
The defendant's purported waiver of his right to appeal was invalid (see People v Thomas, _____ NY3d _____, 2019 NY Slip Op 08545; People v Bradshaw, 18 NY3d 257, 267; People v Lopez, 6 NY3d 248, 257). The Supreme Court's colloquy failed to sufficiently advise the defendant of the nature of his right to appeal, and to assure that the defendant understood the distinction between the waiver of his right to appeal and other rights automatically forfeited upon a plea of guilty (see People v Weeks, _____ AD3d _____, _____, 2020 NY Slip Op 02198, *1-2 [2d Dept]; People v Smalls, 178 AD3d 738, 738-739; People v Birch, 171 AD3d 938, 939). In addition, the court never elicited an acknowledgment that the defendant was voluntarily waiving his right to appeal (see People v Birch, 171 AD3d at 938; People v Pelaez, 100 AD3d 803, 803). Although the record includes a written waiver of the right to appeal that was purportedly signed by the defendant three days prior to the plea proceeding, the court failed to ascertain on the record whether the defendant had read the waiver, discussed it with counsel, or was even aware of its contents (see People v Weeks, _____ AD3d at _____, 2020 NY Slip Op 02198, *1-2; People v Smalls, 178 AD3d at 739; People v Birch, 171 AD3d at 939). Under these circumstances, and given the defendant's significant mental health history, the defendant's purported waiver of his right to appeal was invalid and does not preclude appellate review of his excessive sentence claim (see People v Bradshaw, 18 NY3d at 266; People v Smalls, 178 AD3d at 739; People v Farrell, 169 AD3d 919, 920; People v Brown, 167 AD3d 929).
However, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
BALKIN, J.P., CHAMBERS, COHEN, CONNOLLY and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court