People v King (2020 NY Slip Op 06288)





People v King


2020 NY Slip Op 06288


Decided on November 4, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 4, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JOHN M. LEVENTHAL
ROBERT J. MILLER
PAUL WOOTEN, JJ.


2019-07236
 (Ind. No. 180/17)

[*1]The People of the State of New York, respondent,
v
Christopher King, appellant.


Palma & Smith, Bronx, NY (Courtney R. K. P. Smith and Leonard I. Ressler of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, William H. Branigan, and Mirza Hadzic of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Leslie G. Leach, J.), rendered June 13, 2019, convicting him of criminal possession of a weapon in the second degree (two counts), criminal possession of a weapon in the third degree, and operating a motor vehicle with tinted windows, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Steven W. Paynter, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.
ORDERED that the judgment is modified, on the law, by vacating the convictions of criminal possession of a weapon in the second degree (two counts) and criminal possession of a weapon in the third degree, vacating the sentences imposed thereon, and dismissing those counts of the indictment; as so modified, the judgment is affirmed, and that branch of the defendant's omnibus motion which was to suppress physical evidence is granted.
"When the driver of a vehicle is arrested, the police may impound the car, and conduct an inventory search, where they act pursuant to 'reasonable police regulations relating to inventory procedures administered in good faith'" (People v Walker, 20 NY3d 122, 125, quoting Colorado v Bertine, 479 US 367, 374). The police may also impound a vehicle without a warrant "[i]n the interests of public safety and as part of what the [United States Supreme] Court has called 'community caretaking functions'" (South Dakota v Opperman, 428 US 364, 368, quoting Cady v Dombrowski, 413 US 433, 441).
Here, the Supreme Court should have granted that branch of the defendant's omnibus motion which was to suppress the physical evidence recovered from his vehicle. The People failed to establish the lawfulness of the impoundment of the defendant's vehicle and subsequent inventory search (see People v Gomez, 13 NY3d 6, 11; People v Small, 156 AD3d 820, 822; People v Leonard, 119 AD3d 1237, 1238). At the suppression hearing, the arresting officer testified that the defendant's vehicle was legally parked at the time of the defendant's arrest, and there was no testimony regarding posted time limits pertaining to the parking space. Further, although the officer testified that he impounded the defendant's vehicle for "safekeeping," the People presented no evidence demonstrating any history of burglary or vandalism in the area where the defendant had [*2]parked his vehicle. Thus, the People failed to establish that the impoundment of the defendant's vehicle was in the interests of public safety or part of the police's community caretaking function (see South Dakota v Opperman, 428 US at 368; People v Tardi, 28 NY3d 1077, 1078). Moreover, while the arresting officer testified that "[t]here is [an] NYPD procedure when someone is arrested and you have to take the car into safekeeping," the People failed to present evidence of what such a procedure required or whether the arresting officer complied with such a procedure when he impounded the defendant's vehicle (see People v Tardi, 28 NY3d at 1078; People v Leonard, 119 AD3d at 1238).
Accordingly, the impoundment of the defendant's vehicle was unlawful, and the physical evidence that was recovered from the vehicle during the inventory search subsequent to that impoundment must be suppressed as fruits of the unlawful impoundment (see People v Weeks, 182 AD3d 539, 541; People v Hickey, 172 AD3d 745, 747-748). Without the suppressed evidence, there could not be sufficient evidence to prove the defendant's guilt beyond a reasonable doubt as to criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree, and those counts of indictment must therefore be dismissed (see People v Weeks, 182 AD3d at 541; People v Hickey, 172 AD3d at 748).
The defendant's remaining contentions either are not properly before us or have been rendered academic in light of our determination.
SCHEINKMAN, P.J., LEVENTHAL, MILLER and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court