People v Rivera (2021 NY Slip Op 08256)





People v Rivera


2021 NY Slip Op 08256


Decided on March 17, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 17, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2018-06246
 (Ind. No. 1308/15)

[*1]The People of the State of New York, respondent,
v
Francisco Rivera, appellant.


Paul Skip Laisure, New York, NY (David Fitzmaurice of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Roni C. Piplani, and Peter R. Isham of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Barry Kron, J.), rendered May 11, 2018, convicting him of criminal possession of a weapon in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial (Steven W. Paynter, J.), after a hearing (Thomas A. Demakos, J.H.O.), of those branches of the defendant's omnibus motion which were to suppress physical evidence and his statements to law enforcement officials.
ORDERED that the judgment is reversed, on the law, the defendant's plea of guilty is vacated, that branch of the defendant's omnibus motion which was to suppress physical evidence is granted, and the matter is remitted to the Supreme Court, Queens County, for further proceedings on the indictment.
"When the driver of a vehicle is arrested, the police may impound the car, and conduct an inventory search, where they act pursuant to 'reasonable police regulations relating to inventory procedures administered in good faith'" (People v Walker, 20 NY3d 122, 125, quoting Colorado v Bertine, 479 US 367, 374; see People v King, 188 AD3d 721; People v Weeks, 182 AD3d 539). The police may also impound a vehicle without a warrant "[i]n the interests of public safety and as part of what the [United States Supreme] Court has called 'community caretaking functions'" (South Dakota v Opperman, 428 US 364, 368, quoting Cady v Dombrowski, 413 US 433, 441; see People v King, 188 AD3d at 723; People v Weeks, 182 AD3d at 541).
Here, the Supreme Court should have granted that branch of the defendant's omnibus motion which was to suppress the physical evidence recovered from his vehicle. The People failed to establish the lawfulness of the impoundment of the defendant's vehicle and subsequent inventory search (see People v Gomez, 13 NY3d 6, 11; People v Weeks, 182 AD3d at 541; People v Small, 156 AD3d 820, 822; People v Leonard, 119 AD3d 1237, 1238). Although, at the suppression hearing, a police officer testified that the defendant's vehicle was "parked on the corner" at the time of the defendant's arrest, there was no testimony that the vehicle was parked illegally or that there were any posted time limits pertaining to the space where the vehicle was parked. The People presented no evidence demonstrating any history of burglary or vandalism in the area where the defendant had parked his vehicle, and the officer testified that the vehicle was driven to the precinct because it was [*2]used in the commission of a crime. Thus, the People failed to establish that the impoundment of the defendant's vehicle was in the interests of public safety or part of the police's community caretaking function (see South Dakota v Opperman, 428 US at 368; People v Tardi, 28 NY3d 1077, 1078). Moreover, although the officer who performed the inventory search of the defendant's vehicle testified that the policy for conducting such searches was located in the Patrol Guide, the People presented no evidence demonstrating the requirements of the policy for impounding and searching a vehicle, or whether the officer complied with that policy when she conducted the inventory search of the defendant's vehicle (see People v Tardi, 28 NY3d at 1078; People v Weeks, 182 AD3d at 541; People v Leonard, 119 AD3d at 1237).
Accordingly, the impoundment of the defendant's vehicle was unlawful, and the physical evidence that was recovered from the vehicle during the inventory search subsequent to that impoundment must be suppressed as fruits of the unlawful impoundment (see e.g. People v Hickey, 172 AD3d 745, 747-748).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
CHAMBERS, J.P., HINDS-RADIX, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court