**Rhodes v Tow Auth. Inc.**

2025 NY Slip Op 31622(U)

May 5, 2025

Supreme Court, Kings County

Docket Number: Index No. 503274/2024

Judge: Inga M. O'Neale

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

At City Part 22 of the Supreme Court of the State of New York, held in and for the County of Kings, at the Courthouse, located at Civic Center, Borough of Brooklyn, City and State of New York, on the 5th day of May, 2025

Present: HON. INGA M. O'NEALE
Justice, Supreme Court

Assata Rhodes

Plaintiff(s),

-against-

Tow Authority Inc. et al
Defendant(s).

Cal. No.:
Index No.: 503274/2024

|  | NYSCEF Doc # |
| --- | --- |
| The following papers numbered 1 to ____ read on this motion | Papers Numbered |
| Notice of Motion-Order to Show Cause And Affidavits (Affirmations) Annexed | 5-14, 19, 29-30, 32-40 |
| Answering Affidavit (Affirmation) | 41-50 |
| Reply Affidavit (Affirmation) | 54 |

Upon the foregoing papers, plaintiff Assata Rhodes ("plaintiff") moves for an order, pursuant to CPLR § 3215, granting a default judgment in her favor against defendant Tow Authority Inc., defendant Frank J. Alfano, defendants Ken Ben Industries Ltd., Mike Gordon, Kenneth A. Clark ("Clark"), Richard Garcia ("Garcia"), Andre Craig Jackson ("Jackson"), Anthony Miranda ("Miranda"), Preston Niblack ("Niblack"), Bradford Scott Lander ("Lander"), Eric Leroy Adams ("Adams") and the City of New York, respectively (motion sequence #1).

Defendants the City of New York, Adams, Lander, Niblack, Miranda, Jackson, Garcia and Clark (collectively, the "City defendants") cross-move for an order: (1) denying plaintiff's motion for a default judgment on the grounds that it is procedurally defective; (2) pursuant to CPLR § 3211 (a)(7) and County Law § 54, dismissing the complaint herein as asserted against defendants Adams, Lander, Niblack and Miranda on the grounds that they are immune from suit; or, in the alternative, (3) pursuant to CPLR § 3211 (a)(7), dismissing the complaint herein as asserted against defendants Lander, Garcia and Clark for failure to state a cause of action on the grounds that there is no cognizable cause of action for breach of fiduciary duty; or, in the alternative, (4) pursuant to CPLR § 3012 (d), denying plaintiff's motion for a default judgment against defendants the City of

Page 1 of 6

New York, Adams, Niblack, Miranda, Jackson, Garcia and Clark and compelling plaintiff to accept the answer and amended answer of the City defendants; and (5) pursuant to CPLR §§ 3211 (a)(1) and (a)(7), upon compelling plaintiff to accept the answer and amended answer, dismissing the complaint herein on the grounds of documentary evidence and failure to state a cause of action.

## *Background*

The instant action arises from the October 25, 2023 ticketing, towing and impounding of plaintiff's motor vehicle which was parked on Johnson Street and Cadman Plaza West in Brooklyn, New York, in an area designated for parking by New York State Supreme Court Justices (NYSCEF Doc #33, Aff of Clark, ¶2). On February 1, 2024, plaintiff commenced the instant action asserting causes of action sounding in unlawful search, unlawful seizure, breach of fiduciary duty, replevin, unjust enrichment, respondeat superior and seeking entry of judgment in the amount of $ 2,649,069.90 plus interest (NYSCEF Doc #7).

On or about February 22, 2024, plaintiff moved, under motion sequence #1, for the relief requested herein. A review of the court's record indicates that, on or about April 17, 2024, the City defendants interposed an answer (NYSCEF Doc #38). On April 17, 2024, plaintiff served a notice of rejection of the City defendants' answer (NYSCEF Doc #25). On or about April 15, 2024, plaintiff and defendants Ken Ben Industries, Ltd., Mike Gordon, Tow Authority, Inc. and Frank J. Alfano entered into a stipulation of discontinuance with prejudice (NYSCEF Doc #26). On or about May 24, 2024, the City defendants interposed an amended answer (NYSCEF Doc #39). On May 24, 2024, plaintiff served a notice of rejection of the City defendants' amended answer (NYSCEF Doc #28). On or about August 21, 2024, the City defendants cross moved, under motion sequence #2, for the relief requested herein.

## *Analysis*

As an initial matter, in light of the stipulation of discontinuance dated April 15, 2024 (NYSCEF Doc #26), that portion of plaintiff's motion seeking a default judgment against defendants Tow Authority, Inc., Frank J. Alfano, Ken Ben Industries, Ltd. and Mike Gordon is denied as moot.

### *Plaintiff's Motion for a Default Judgment*

CPLR 304 (a) provides, in relevant part, that "[a]n action is commenced by filing a summons and complaint ..." (CPLR 304 [a]. "On a motion pursuant to CPLR 3215 for leave to enter a default judgment, a plaintiff is required to submit proof of service of the summons and

complaint, proof of the facts constituting the claim, and proof of the defendant's default in answering or appearing" (*Pemberton v Montoya*, 216 AD3d 988, 989 [2d Dept 2023], internal quotation marks omitted),

Here, plaintiff submits, among other things, (1) an affidavit of service of the summons and complaint, dated December 21, 2023, upon defendants the City of New York, Adams, Lander, Niblack, Miranda, Clark, Garcia and Jackson; (2) an affidavit of service of the summons and complaint, dated December 21, 2023, upon defendants Jackson and Miranda; (3) an affidavit of service of the summons and complaint, dated January 8, 2024, upon defendants Niblack, Miranda, Clark, Garcia and Jackson; (4) an affidavit of service of the summons and complaint, dated January 8, 2024, upon defendants Clark and Garcia; (5) an affidavit of service of the summons and complaint, dated January 11, 2024, upon all defendants; and (6) an affidavit of service of the "Summons, Complaint, Affidavits of Service and Notice of Electronic Filing", dated February 1, 2024, upon all defendants (NYSCEF Doc #8).

The affidavits of service submitted by plaintiff in support of the motion for a default judgment are dated prior to the commencement of the instant action on February 1, 2024. As such, defendants cannot be found to be in default in appearing where the affidavits of service indicate that they were served with the pleadings prior to the commencement of the instant action on February 1, 2024. A review of the court's record indicates that plaintiff filed an affidavit of service of the summons and complaint upon the City defendants on February 1, 2024 (NYSCEF Doc #4) and then moved for the relief requested herein on February 22, 2024, prior to the expiration of the City defendants' time to answer (*see* CPLR 3012 [a]). In light of the foregoing, assuming arguendo that the February 1, 2024 affidavit of service of the summons and complaint constitutes proof of service of the pleadings upon the municipal defendants and that plaintiff has submitted proof of the facts constituting the claim, the court finds that plaintiff has failed to submit proof of the City defendants' default in answering and appearing. As such, plaintiff's motion for a default judgment against the City defendants is denied.

### *The City Defendants' Cross-Motion*

"On a motion to dismiss for failure to state a cause of action under CPLR 3211 (a)(7), 'a court must accept the facts as alleged in a complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory' " (*Kefalas v Pappas*, 226 AD3d 757, 759-60 [2d Dept 2024], quoting

*Leon v Martinez*, 84 NY2d 83, 87-88 [1994]). "However, such favorable treatment is not limitless, and dismissal is warranted if the plaintiff fails to assert facts in support of the claim. Allegations consisting of bare legal conclusions as well as factual claims flatly contradicted by documentary evidence are not entitled to any such consideration" (*Kefalas*, 226 AD3d at 759-60; internal citation and quotation marks omitted).

After oral argument and upon a review of the record submitted by the parties and the relevant law, the court finds that the City defendants have demonstrated that defendants Adams as Mayor, Lander as New York City Comptroller, Niblack as New York City Department of Finance Commissioner and Miranda as New York City Sheriff are immune from suit " 'for any act or omission' of subordinates" (*see Tucker v City of New York*, 184 Misc2d 491, 492 [Sup Ct, NY County 2000]; *see* County Law §54; *see also Pickett v County of Orange*, 62 AD3d 848, 850 [2d Dept 2009]) under the doctrine of respondeat superior. In light of the foregoing, that portion of the City defendants' cross-motion seeking to dismiss the complaint herein as asserted against defendants Adams, Lander, Niblack and Miranda for failure to state a cause of action on the grounds that they are immune from suit is granted and the complaint herein is dismissed as asserted against said defendants.

With respect to that portion of the City defendants' cross-motion seeking to dismiss the complaint as asserted against defendants Lander, Garcia and Clark for failure to state a cause of action on the grounds that there is no cognizable cause of action for breach of fiduciary duty, the court notes that "[t]he elements of a breach of fiduciary duty cause of action are (1) the existence of a fiduciary relationship, (2) misconduct by the defendant, and (3) damages directly caused by the defendant's misconduct, which elements must be pleaded with the particularity required by CPLR 3016 (b)" (*Stinner v Epstein*, 162 AD3d 819, 820 [2d Dept 2018]). "... [T]he actual relationship between the parties determines the existence of a fiduciary duty" (*Carbon Capital Mgt., LLC v American Express Co.*, 88 AD3d 933, 938 [2d Dept 2011]). Here, plaintiff failed to demonstrate the existence of a fiduciary relationship between herself, Lander, Garcia and Clark or to allege sufficient facts to support an element of misconduct by said defendants (*see generally People v King*, 188 AD3d 721, 722 [2d Dept 2020]). In this regard, that portion of the City defendants' cross-motion to dismiss the complaint herein as asserted against Lander, Garcia and Clark for failure to state a cause of action on the grounds that there is no cognizable cause of action for breach of fiduciary duty is granted.

Page **4** of **6**

[* 4]

The court will now turn to that portion of the City defendants' cross-motion for an order denying plaintiff's motion for a default judgment as against the City defendants and compelling plaintiff to accept the answer and amended answer of the City defendants. Due to "the lack of any prejudice to the plaintiff as the result of the relatively short, non-willful delay, the existence of potentially meritorious defenses, and the public policy favoring the resolution of cases on the merits" (*Camara v Five Star Carting, Inc.*, 236 AD3d 979, 979 [2025]), the court hereby grants that portion of the cross-motion to the extent of compelling plaintiff to accept the answer and amended answer as being interposed by the remaining defendants the City of New York and Jackson.

With respect to that portion of the City defendants' cross-motion seeking an order, pursuant to CPLR 3211 (a)(1), dismissing the causes of action for unlawful search and seizure on the grounds of documentary evidence, the court notes that "[u]nder CPLR 3211 (a)(1), a dismissal is warranted only where the documentary evidence utterly refutes the plaintiff's factual allegations, conclusively establishing a defense as a matter of law .. Where evidentiary material is submitted and considered on a motion to dismiss a complaint pursuant to CPLR 3211 (a)(7) and the motion is not converted into one for summary judgment, the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one and, unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, dismissal shall not eventuate" (*374-76 Prospect Place Tenants Assn., Inc. v City of New York*, 231 AD3d 911, 912-13 [2d Dept 2024], internal citation and quotation marks omitted). Based upon a review of the parties papers and the relevant law, the court finds that the actions taken by defendants Clark and Jackson involving, among other things, the entry of plaintiff's vehicle to ascertain the vehicle identification number which was covered by a piece of paper, the issuance of summons for lapsed registration and expired information and the presence of no license plates, were reasonable under the circumstances of this case (see *People v King*, 188 AD3d 721, 722 [2d Dept 2020]). As such, the court grants that portion of the City defendants' cross-motion to dismiss the complaint as asserted against defendants the City of New York and Jackson.

[* 5]

## *Conclusion*

Accordingly, that portion of plaintiff's motion for a default judgment as against defendants Ken Ben Industries, Ltd., Mike Gordon, Tow Authority Inc. and Frank J. Alfano is denied as moot. That portion of plaintiff's motion for a default judgment as against defendants Clark, Garcia, Jackson, Miranda, Niblack, Lander, Adams and the City of New York is denied. The cross-motion of defendants Clark, Garcia, Jackson, Miranda, Niblack, Lander, Adams and the City of New York to dismiss the complaint as asserted against them is granted and the complaint herein is dismissed. Any relief requested not specifically addressed herein is denied. The foregoing constitutes the decision and order of the court.

**For Clerks use only**

**MG** 2

**MD** 1

**Motion Seq.#**

1, 2

E N T E R

Hon. Inga M. O'Neale
Justice Supreme Court

MAY 0 5 2025

Hon. Inga M. O'Neale
J.S.C.

[* 6]