People v McClarin (2026 NY Slip Op 01076)

People v McClarin

2026 NY Slip Op 01076

Decided on February 25, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 25, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
WILLIAM G. FORD
CARL J. LANDICINO
SUSAN QUIRK, JJ.

2023-05891
 (Ind. No. 71042/21)

[*1]The People of the State of New York, respondent,
vJustin P. McClarin, appellant.

Patricia Pazner, New York, NY (Sankeerth Saradhi of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Charles T. Pollak, and Rahul K. Sukesh of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Ira H. Margulis, J.), rendered June 12, 2023, convicting him of criminal possession of a controlled substance in the first degree, criminal possession of a controlled substance in the third degree, criminal possession of a weapon in the second degree (four counts), aggravated unlicensed operation of a motor vehicle in the third degree, operating a motor vehicle without a license, operating a motor vehicle with a tinted window, operating an unregistered motor vehicle, and operating a motor vehicle without insurance, after a nonjury trial, and imposing sentence. The appeal brings up for review the denial, after a hearing (Gia Morris, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.
ORDERED that the judgment is modified, on the law, by vacating the convictions of criminal possession of a controlled substance in the first degree, criminal possession of a controlled substance in the third degree, and criminal possession of a weapon in the second degree (four counts), vacating the sentences imposed thereon, and dismissing those counts of the indictment; as so modified, the judgment is affirmed, and that branch of the defendant's omnibus motion which was to suppress physical evidence is granted.
"When the driver of a vehicle is arrested, the police may impound the car, and conduct an inventory search, where they act pursuant to 'reasonable police regulations relating to inventory procedures administered in good faith'" (People v Walker, 20 NY3d 122, 125, quoting Colorado v Bertine, 479 US 367, 374). "The police may also impound a vehicle without a warrant '[i]n the interests of public safety and as part of what the [United States Supreme] Court has called community caretaking functions'" (People v King, 188 AD3d 721, 722 [internal quotation marks omitted], quoting South Dakota v Opperman, 428 US 364, 368).
Here, the Supreme Court should have granted that branch of the defendant's omnibus motion which was to suppress the physical evidence recovered from his vehicle. The People failed to establish the lawfulness of the impoundment of the defendant's vehicle and subsequent inventory search (see People v Gomez, 13 NY3d 6, 11; People v Weeks, 182 AD3d 539, 541). At a suppression hearing, the arresting officer equivocated on whether or not the vehicle was parked legally on the street, and he did not testify as to the posted time limits pertaining to the parking space at which the [*2]defendant had pulled over. Although the officer testified that he had to impound the vehicle to safeguard it at the precinct station house and "for further investigation," the People presented no evidence demonstrating any history of burglary or vandalism in the area where the defendant had pulled over the vehicle. Thus, the People failed to establish that the impoundment of the vehicle was in the interests of public safety or part of the police's community caretaking function (see South Dakota v Opperman, 428 US at 368; People v Tardi, 28 NY3d 1077, 1078). Moreover, the People failed to present any evidence as to whether the New York City Police Department had a policy regarding impoundment of vehicles, what that policy required, or whether the arresting officer complied with that policy when he impounded the defendant's vehicle (see People v Tardi, 28 NY3d at 1078; People v Weeks, 182 AD3d at 541; People v Leonard, 119 AD3d 1237, 1238).
Accordingly, the impoundment of the defendant's vehicle was unlawful, and the physical evidence that was recovered from the vehicle during the inventory search subsequent to that impoundment must be suppressed as fruits of the unlawful impoundment (see People v King, 188 AD3d at 723; People v Weeks, 182 AD3d at 541). Without the suppressed evidence, there could not be sufficient evidence to prove the defendant's guilt beyond a reasonable doubt as to criminal possession of a controlled substance in the first degree, criminal possession of a controlled substance in the third degree, and criminal possession of a weapon in the second degree, and those counts of indictment must therefore be dismissed (see People v King, 188 AD3d at 723; People v Weeks, 182 AD3d at 541).
The defendant's remaining contentions have been rendered academic in light of our determination.
GENOVESI, J.P., FORD, LANDICINO and QUIRK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court